BURTON *v.* KEMP.

5-3259                    378 S. W. 2d 667

Opinion delivered May 11, 1964.

96

*Griffin Smith,* for appellant.

*Gus Causbie* and *Harry L. Ponder,* for appellee.

JIM JOHNSON, Associate Justice. This suit originated with a boundary line dispute. On January 12, 1962, Robert M. Burton and Marjorie R. Burton, his wife, appellants here, filed suit in Sharp Chancery Court, Northern District, case No. 1491, alleging that they owned a tract of land 25 by 35 feet which they acquired by purchase on January 6, 1960, from appellees Dr. M. Y. Kemp and Nordis C. Kemp, his wife. They further alleged that they, appellants, own the property lying to the east, that a woven wire fence was the agreed boundary, as set out in the deed of purchase, that in January, 1962, appellee entered the land and removed the appellants' fence, making some claim to the land. Appellants prayed that appellees be enjoined from interfering with appellants' use and occupancy of the land (the 25 by 35 foot tract), that title be quieted in appellants, and that a mandatory injunction issue requiring appellees to restore the fence they removed. Appellees answered by general denial and counterclaimed, alleging that when they sold appellants the small piece of property they were defrauded, because appellants told them the woven wire fence was their common boundary when in fact the fence was 25 feet inside appellees' boundary, offered a corrected description by survey, alleging that they were entitled to reformation of the description in the deed, and that title to the disputed land should be quieted and confirmed in appellees.

Appellants answered the counterclaim by general denial, then amended this answer by alleging that the property purchased by appellees was forfeited and sold for 1944 taxes to Miriam B. Norman, who in turn conveyed by quitclaim deed to appellants. Appellees relied to these pleadings by alleging that the property was redeemed by appellees from sale for the 1944 taxes by a clerk's redemption certificate issued September 3, 1946.

The case came to trial before the chancellor on July 11, 1962. The court found in its decree that (1) the suit was originally instituted to quiet appellants' title in the 25 by 35 foot tract conveyed to them by appellees and as described in that deed of conveyance, (2) that appellees admitted the conveyance but alleged that they executed and delivered the deed to appellants as the result of appellants' fraudulent representation about the location of the boundary line, (3) that appellees' allegation of fraud was not sustained by the proof and appellees' counterclaim should be dismissed, and (4) that title to the 25 by 35 foot tract should be quieted and confirmed in appellants. The court then decreed that the title of appellants to the described property—and as described in their recorded warranty deed—was thereby quieted and confirmed in appellants. The court dismissed appellees' counterclaim and assessed all costs against them. No appeal was taken from that decree.

Thereafter on July 5, 1963, appellants filed suit no. 1543 in Sharp Chancery Court, Northern District, against appellees, alleging that appellants are owners of certain described property in Sharp County, alleging that appellees have repeatedly trespassed on their property and recently erected a fence on appellants' property and prayed for an injunction requiring appellees to cease further trespass and to remove the fence.

Appellees answered denying that appellants are owners of the property described in their complaint and further denying that they have at any time trespassed on any property belonging to appellants. On July 25, 1963, appellees filed an amendment to their answer alleging (1) their ownership of the described property by virtue of a recorded warranty deed of September 8, 1941; (2) whereas appellants' claim to the property is based on a tax deed issued by the Commissioner of State Lands because of a tax sale for 1944 taxes; (3) that the tax deed is void because prior to its issuance the land was redeemed by appellees, on September 3, 1946, for which they received a clerk's redemption certificate; and (4) that the subject matter of this suit was

in issue in the prior suit and hence merged in that judgment. For their counterclaim, appellees further stated that the tax deed constituted a cloud on their title and should be cancelled and set aside.

In reply to the counterclaim, appellants alleged that the parties and the subject matter of the counterclaim were identical in the prior suit, that appellees urged the same rights to the same land, which relief was not accorded by the trial court in the prior suit and that the judgment in the prior suit is conclusive of their rights.

Case no. 1543 was brought on for trial before the chancellor on September 10, 1963, being submitted on all pleadings and exhibits, together with the entire record of the prior suit. The court stated in its order that each party had pleaded that the doctrine of res judicata barred the claim of the other, and that it was agreed that this issue was the only one to be considered by the court. The court then found that the claim of appellants was res judicata on account of the prior suit and judgment, and dismissed appellants' complaint with costs.

Appellants' appeal from the order of dismissal raises two points for reversal: ''(1) the trial court erred in dismissing appellants' complaint in which they asked for injunctive relief, and (2) the trial court erred in failing to grant the appellants the relief sought, for the reason that both parties interposed the plea of res judicata and not one iota of evidence was introduced in the present case which was not introduced in the former suit and it was considered and acted upon by the court and the court found all issues in favor of the plaintiffs [appellants].''

At the outset this opinion may be somewhat clarified by pointing out that the complaint in the first case (prior to other pleadings) related to the 25 by 35 foot tract of land between appellants' and appellees' property, whereas in the second suit the complaint alleges that appellants own the full half-acre claimed by appellees, which includes the 25 by 35 foot tract. Persistent and minute study of the brief transcript fails to reveal whether own-

ership of the balance of the half-acre of land, beyond the 25 by 35 foot tract, was actually in issue in the prior suit. (Clearly, ownership and description of the 25 by 35 foot tract of land was adjudicated in the prior suit.)

A tax deed, redemption certificate, affidavit of the county clerk and other documents relating to the half-acre tract are in the record, but we are unable to determine whether they were in evidence in the first suit or merely exhibits to a pleading in the second suit and therefore whether ownership of the balance of the half-acre was an issue *considered and determined by the court* in the first suit. Thus we are unable to determine whether the doctrine of res judicata is here applicable. In *Carrigan* v. *Carrigan*, 218 Ark. 398, 236 S. W. 2d 579, this court again approved the rule of *Russell* v. *Place,* 94 U. S. 606, 24 L. Ed. 214, as quoted in *McCombs* v. *Wall,* 66 Ark. 336, 50 S. W. 876:

" 'It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But to give this operation to the judgment it must appear either on the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.' It further said in the same case 'to render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined,— that is, that the

verdict in the suit could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter.'

"In *Shaver* v. *Sharp County*, 62 Ark. 78, it is said: 'That which has not been tried cannot have been adjudicated. * * * That which is not within the scope of the issues presented cannot be concluded by the judgment.' "

See also 50 C.J.S., Judgments, § 843; 30A Am. Jur., Judgments, § 468.

Accordingly, this cause is reversed and remanded for development consistent herewith.