BURTON *v.* KEMP

5-3631                                394 S. W. 2d 622

Opinion delivered October 4, 1965.

[Rehearing denied November 8, 1965.]

*Griffin Smith,* for appellant.
*Gus Causbie,* for appellee.

GEORGE ROSE SMITH, J. The appellants, Mr. Burton and his wife, and the appellees, Dr. Kemp and his wife, own adjoining parcels of land in Sharp county. In January of 1960 the Kemps conveyed to the Burtons a narrow strip of ground lying on the Kemp's side of the common boundary. A disagreement arose about the true location (with reference to the Government survey) of a fence that was mentioned in the deed.

Early in 1962 the Burtons brought a suit in chancery to quiet their title to the narrow strip. By answer and counter-claim the Kemps asserted that the description in their deed to the Burtons had been erroneous and that the deed should be reformed. The Kemps also averred that the strip being claimed by the Burtons was actually still a part of the half acre originally owned by the Kemps. In their counter-claim the Kemps asked that their title to the half acre tract be quieted and confirmed.

On June 11, 1962, the chancellor entered the final decree that gives rise to the present litigation. By that decree, which now appears to have been much too brief, the court quieted the Burtons' title to the narrow strip and dismissed the Kemps' counterclaim for want of equity. There was no appeal.

About a year later the Burtons filed the present suit, in which they invoke the doctrine of *res judicata* as a basis for claiming title to the entire half acre that was formerly owned by the Kemps. On September 10, 1963, the chancellor rejected the Burtons' claim to the whole half acre and held that they own only the narrow strip originally in controversy. Upon the first appeal we were unable to tell from the record whether the ownership of the entire half acre had been "considered and determine by the court" in the first suit. *Burton* v. *Kemp,* 238 Ark. 95, 378 S. W. 2d 667 (1964). We remanded the case for a determination of that issue.

Upon remand the chancellor directed for the first time that his court reporter transcribe the oral testimony that was taken in the first case and that she also make

available the exhibits that were introduced. After having thus had the benefit of the complete record in the first suit the chancellor again concluded that the only effect of the 1962 decree was to confirm the Burtons' title to the narrow strip. In taking this second appeal the Burtons again invoke the doctrine of *res judicata* as a basis for claiming all the Kemp land.

If the language of our first opinion permitted the trial court, on remand, to review the complete record in the earlier case, the decree now before us is unquestionably correct. The Burtons had no shadow of a claim to the entire half acre except for a tax title which was casually mentioned in their pleadings and which was shown by the undisputed proof to be void. Thus it is not conceivable that the chancellor, in dismissing the Kemp's counterclaim for want of equity, meant to award to the Burtons a piece of property to which they had no legal or moral claim.

The Burtons, however, insist that our first opinion limited the issue on remand to the single question of whether certain documents were in evidence in the first case. We do not so construe our words. The ultimate question, which we set forth in italics, was "whether ownership of the balance of the half-acre was an issue *considered and determined by the court* in the first suit." We went on to point out that extrinsic evidence may be taken into account in determining what questions were involved in a jugment that is pleaded as *res judicata*. Although on the meager record then presented it did seem that the pivotal question might be controlled by a determination of what documents had been introduced at the original hearing, it certainly was not our intention to bring about a demonstrable injustice by limiting the chancellor's investigation to those documents alone.

**Affirmed.**