Downs *v.* MILLER.

5-472                                    271 S. W. 2d 623

Opinion delivered October 11, 1954.

*Malcolm W. Gannaway* and *James B. Gannaway,* for appellant.

*Frederick James Stewart,* for appellee.

Robinson, J. The issue here is whether the Workmen's Compensation Commission has authority to require the employer to furnish medical and hospital service and surgical supplies subsequent to the time the maximum money compensation payable to the employee has been paid in full. The Compensation Commission held it had such authority; this ruling was sustained by the Circuit Court, and the employer has appealed.

On November 12, 1943, appellee C. B. Miller in the due course of his employment was severely burned. He received extensive medical treatment and was confined in the hospital for a long time. More than $16,000 was spent on medical care, hospital, etc. In addition appellee was paid the full amount of money as provided by the Workmen's Compensation Law, $20 per week for 350 weeks, or $7,000. In fact, by mistake he was paid two additional weeks. Subsequently the Commission made a finding that appellee needed further medical care for a condition growing out of the original injury, and made an award as follows: "The within respondents will therefore provide the claimant with additional needed medical and dental treatment as recommended by competent medical authorities, at the hands of physicians and dentists approved by this Commission."

Ark. Stats., § 81-1311, Acts 1939, No. 319, § 11, p. 777, in effect at the time the injury involved here was sustained, provides: "The employer shall promptly provide for an injured employee such medical, surgical or other

attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty (60) days after the injury or for such time in excess thereof as in the judgment of the Commission may be required."

It is the contention of appellant that the Commission had no authority to award medical treatment subsequent to the time that the compensation payable directly to the employee had been paid in full. In order to sustain appellant's view in this regard we would have to read into the Act something that is not there. The Act plainly provides for treatment for sixty days following the injury and for such time in excess thereof as in the judgment of the Commission may be required. The language is plain and unambiguous; it leaves no room for construction by the courts. It is hard to imagine how the framers of the Act could have been any more explicit in giving the Commission authority to make an award for medical services without limitation as to time. If the General Assembly had intended that the Commission's authority to make an award for medical services should be limited to the time during which compensation was paid directly to the employee, undoubtedly the Act would so provide.

Larson on Workmen's Compensation Law, Vol. 2, p. 542, tabulates those states which provide full medical benefits to injured employees, and those which provide limited benefits under the workmen's compensation laws. A great majority of the states provide for full benefits, and Arkansas is listed among the ones in that category. In some of these states full benefits are provided by statute; in 18 states the compensation commissions have the authority to award full benefits. Arkansas is one of the states in which full benefits may be awarded by administrative authority.

Appellant is supported in his contention by *Meuse's* case, 270 Mass. 29, 169 N. E. 517, and *Simpson's* case, 144 Maine 162, 66 Atl. 2d 417. However, we do not believe it was the intention of our legislature to limit the medical expenses in workmen's compensation cases. In 71 C. J.,

§ 494, p. 777, it is said: "Under statutes so providing, the Compensation Commission or a board may order further medical or surgical treatment or hospitalization as it deems necessary, within the limits of particular restrictions, after the expiration of the statutory period." It is further stated in 71 C. J., § 494: "Where a permanent disability rating is awarded, the commission may order medical, hospital or nursing services to the employee, after the expiration of the period of compensation; likewise, where compensation for partial incapacity is limited by statute to a fixed period, medical expenses incurred after the expiration of that time may be recovered where such expenses are causally traceable to the original injury."

*Carney* v. *Plimpton Mfg. Co.*, 111 Conn. 401, 150 Atl. 305, is directly in point. There the Court said: "The defendant-insurer, pursuant to terms of these agreements, has paid the plaintiff in full for 520 weeks' compensation due her, covering the statutory period, and she does not now make further claim for compensation payments . . . Under our statutes the commissioner has jurisdiction to make an award for expenses, accruing in whole or in part either prior to, or subsequent to, the expiration of the ten year period, provided such expenses be causally traceable to the original injury."

Likewise, in the case at bar, according to our statutes the Commission has the jurisdiction to make an award for medical and hospital expenses as may be necessary during 60 days after the injury, or for such time in excess thereof as in the judgment of the Commission may be required. The statute does not put any limitation on the time in excess of the sixty day period in which the Commission may require medical and hospital expenses to be paid.

Therefore the award of the Commission was correct and the judgment of the court is affirmed.

Mr. Justice HOLT dissents.