KEY *v.* ARK. P. & L. Co.

5-1430                                       309 S. W. 2d 190

Opinion delivered January 27, 1958.

*Arvin A. Ross* and *John R. Wood,* for appellant.

*Lookadoo, Gooch & Lookadoo* and *House, Holmes, Roddy, Butler* and *Jewell,* for appellee.

PAUL WARD, Associate Justice. The question considered on this appeal is: Does the one year limitation

on filing claims, as provided in § 18 Act 319, 1939 (§ 81-1318(a) Ark. Stats., parent volume), apply to hospital and medical expenses? It is appellant's contention that the Circuit Court and the Workmen's Compensation Commission erred in holding the limitation does so apply. The facts are not in dispute.

Appellant, Clyde E. Key, while in the employment of appellee, Arkansas Power & Light Company, was permanently injured in 1943. He was awarded the full amount of compensation for total and permanent disability, and in June 1950 he received his last and final monthly check in full payment of the initial award.

Appellant at all times after his injury in 1943 received compensation benefits, both money and medical, until June 1950. It is not contended by appellant that he has received any payment either in money or for medical treatment since the above mentioned date.

In 1945 it was found that appellant had pulmonary tuberculosis and the Commission ordered appellee to pay his expenses to the State Sanatorium at Booneville for treatment where he remained for about four months.

The commission found, and it is not disputed, that the tubercular condition was attributable to the original injury, and also found that appellant had been receiving treatment for this condition since 1953. The Commission further found that appellant had an ulcerated leg condition (attributable to the 1943 injury) for which he had been receiving treatment since 1952.

In February 1955 appellant, for the first time, secured the services of an attorney, and on the 23rd of that month filed a claim for additional medical treatments for the tubercular condition and the ulcerated leg. At the first hearing appellee pleaded the Statute of Limitations referred to at the beginning, and the Referee held appellant's claim was barred thereby, because it had been more than a year since appellee had made any payment to appellant in money or for medical treatment. On October 10, 1956 the same finding was made by the full Commission, and this was affirmed by the Circuit Court on February 22, 1957.

We accept appellant's statement that "the only issue before the Court is whether the limitations provided by § 18 apply to a claim for medical treatments, such as this claim".

Since appellant was injured in 1943, Act 319 of 1939 is applicable here. Section 11 of this Act (§ 81-1311 Ark. Stats., parent volume), in so far as it is relevant, reads as follows:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty (60) days after the injury *or for such time in excess thereof as in the judgment of the Commission may be required. . .*" (Emphasis supplied)

Appellant relies, of course, on that portion of the statute which we have emphasized above. In considering appellant's argument we will assume that the Commission would have required further medical treatment in this instance had not the Statute of Limitations been interposed by appellee. We readily agree with appellant that the above statute empowers the Commission to require payment of medical and hospital expenses indefinitely provided a claim therefor is filed within one year after the date of the last payment. This was the effect of our holding in the case of *Downs* v. *Miller,* 224 Ark. 35, 271 S. W. 2d 623.

For an affirmance of the judgment of the trial court, appellee relies on the limitation statute referred to before. The relevant portion of this statute (Ark. Stats. § 81-1318(a) parent volume) reads as follows:

"The right of compensation for disability under this act (81-1301—81-1349) shall be barred unless a claim therefor is filed within one (1) year after the time of injury, . . . except that if payment of compensation has been made in any case on account of such injury . . . a claim may be filed within one year after the date of last payment."

Appellant's claim for medical and hospital treatment was filed in February 1955 while the last payment made to appellant by appellee was in 1950 — a lapse of time greatly exceeding one year.

Appellant earnestly and ably insists that the words "compensation for disability" refer only to the money paid to a claimant on account of the original injury or disability and not to compensation for medical or hospital expenditures. We think, however, that this contention must be rejected because of the definition given to the word "compensation" by the (1939) Act itself. Section 2 of Act 319 of 1939 deals with *definitions.* Sub-section (i) of said section 2 reads as follows:

" 'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this Act, and includes funeral benefits and *allowances for hospital and medical expenses,* provided therein;" (emphasis supplied)

It seems to us that the above language is too plain to require or permit interpretation or amplification. For us to hold that the one year limitation for filing a claim did not apply to medical and hospital expenses would smack more of judicial legislation than of judicial interpretation.

We are wholly unable to agree with appellant's assertion that the case of *Downs* v. *Miller, supra,* is in point here. A casual reading of the *Downs* opinion reveals that the question of limitations was not considered. The limitation statute with which we are concerned here is not even mentioned in the cited case. Nor do we find any isolated language in the *Downs* opinion which impels a conclusion other than the one we have reached here. We note that we are not here dealing with a claim based on a *latent* injury or a *latent* condition which was not recognizable within the statutory period. Appellant makes no such contention.

Appellee also requested us to affirm the judgment of the trial court on the ground that appellant had failed to properly abstract the record as required by rule 9 (d) of this court. We are refusing this request for

the reasons set out hereafter. We recognize that the extent of the abstract depends on the nature of the question to be presented on appeal. If the question presented is one of fact obviously a more complete abstract would be indicated than if the question is one purely of law. We realize too that one question of law might require a more complete abstract than some other question of law. The object to be achieved is to abstract only so much of the record as will give the court a clear understanding of the question or questions presented. This objective was stated in *Milum* v. *Clark*, 225 Ark. 1040, 287 S. W. 2d 460, this way: "It is the purpose of the revised rule to encourage the submission of abstracts that are confined to these matters pertinent to the points involved on appeal". The question presented on this appeal is one of law, easily stated and understood, and we think appellant's abstract meets the objective mentioned above.

Affirmed.