TALLEY v. SANDERS.

5-2607                                                354 S. W. 2d 736

Opinion delivered March 12, 1962.

*Lloyd E. Darnell* and *N. L. Schoenfeld,* for appellant.

*Robert D. Ridgeway,* City Attorney, for appellee.

PAUL WARD, Associate Justice. Appellant, Walker Talley, was discharged as a member of the Hot Springs Police force by Milford Sanders who was the Chief of Police. The alleged reason for his discharge was that Talley had been guilty of ''conduct unbecoming a police officer''. Talley appealed to the Hot Springs Civil Service Commission, a hearing was held on October 20, 1960, and that same day the Commission ruled to uphold the action of the Police Chief.

On November 18, 1960 Talley filed a ''Petition for Review'' in the Garland Circuit Court. On December 12, 1960 the Hot Springs City Attorney filed in Circuit Court a ''Motion to Dismiss'' the Petition for Review on the grounds that (a) no service had been perfected upon the City of Hot Springs and no notice given and (b) no transcript of the proceedings before the Civil Service Commission had been filed as required by law.

On June 6, 1961 the trial court, after argument, sustained the Motion to Dismiss the Petition for Review and rendered judgment accordingly. The reasons for the court's action, as set forth in the judgment, were: (a) the complaint filed by appellant on November 18, 1960 was apparently for obtaining time to perfect his appeal from the decision of the Civil Service Commission, and that the matter was never presented to the court; (b) the service had on the Chief of Police on November 22, 1960 did not constitute service as provided by law on the Civil Service Commission. Appellant excepted to the judgment and prayed on appeal to this Court.

Viewing the entire record before us, we have concluded that the judgment of the trial court must be sustained for the reasons hereafter set forth.

(a) Since we have concluded that the cause must be affirmed for other reasons, we do not consider whether the trial court was justified in dismissing appellant's petition for the reason first assigned above.

(b) We agree with the trial court that no proper service was had on or notice given to the Civil Service

Commission. Appellant's "Petition for Review" named as defendant only the Chief of Police, who, of course, was not a member of the Commission. So far as the record before us reveals, no member of the Commission knows this action is pending.

Appellant attempts to avoid the consequences of this situation by contending the City Attorney entered an appearance for the Commission when he filed a motion to dismiss. This contention is refuted by our decision in *Smith Chickeries* v. *Cummings, Judge*, 224 Ark. 743, 276 S. W. 2d 48.

The transcript of the proceedings before the Commission is in the record before us. However, this can avail appellant nothing, because he has not, in his brief, abstracted the record as required by Rule 9 (d) of this Court. Hence, the judgment of the trial court must be affirmed on the merits.

On the other hand, if we treat this appeal as a petition to have the record corrected, again we can see no way to grant appellant relief. If, as it is apparently contended, appellant is referring to the transcript of the hearing before the Commission, that relief would have to come from the trial court and not from this Court. If appellant seeks to have the record (from the trial court) corrected, then we are confronted with the fact that no specific or definite deletions are pointed out. In fact, appellant's brief contains this sentence: "The complete record has been made."

In counsel's brief for appellant, at page 16, there appears the following statement:

"Reference to the Petition and Affidavit filed simultaneously with this Brief make it perfectly clear that the Transcript is not complete. That such matters are relevant and pertinent need only a reference to the *Judgment* (Tr. 5 and 6) where the following *outrageous language* of the Court appears": (emphasis added).

We find nothing in the Judgment referred to that justifies such comment by counsel. In fact such a com-

ment would not be appropriate under any circumstance and is not to be condoned under Rule 6 of this Court, which reads: "No argument, brief or motion filed or made in this Court, shall contain language showing disrespect for the trial court."

Affirmed.

McFADDIN, J., concurs.