## SHELBY ELECTRIC CO. and Maryland Casualty Co. *v.* BILLY DURAN

5-4311                                          419 S. W. 2d 798

### Opinion delivered October 30, 1967

*John M. Shackleford, Jr.,* for appellants.

*Clint Huey,* for appellee.

PAUL WARD, Justice. This is a Workmen's Compensation case, and the essential facts are not in dispute.

On May 9, 1961 Billy Duran (appellee here), while working for Shelby Electric Company (appellant here), suffered an injury to his right foot. A claim was filed for compensation. At a hearing before the referee appellee was adjudged to have suffered a permanent partial disability of fifty percent to his right leg below the knee. The referee allowed money compensation and also held that appellee was entitled to receive as compensation one pair of orthopedic shoes. An Order in accord with the above findings was entered by the referee on October 12, 1962 and no appeal was taken. The shoes were furnished, and the last payment to appellee was made on December 7, 1964.

On January 20, 1966 [one year and forty-four days after the last payment and more than four years after the injury] appellee filed a claim with the Commission for another pair of orthopedic shoes, and a hearing was had before the referee. Appellant controverted the claim, claiming it was barred under Ark. Stat. Ann. § 81-1318 (b) (Repl. 1960) which reads:

"In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one year from the date of the last payment of compensation or two years from the date of accident, whichever is greater."

The referee held the claim was not barred. On appeal to the Commission, it held the claim was barred and, on appeal, the circuit court reversed the Commission, holding the claim was not barred by the above quoted statute —hence the appeal by appellant to this Court.

The only question before this Court is whether appellee's claim is barred under the statute previously quoted.

It is the contention of appellee here that this claim was not barred, and that his claim was timely filed under the provisions of Ark. Stat. Ann. § 81-1311 (Repl. 1960) which, in pertinent part, reads:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse, and hospital service, medicine, *crutches and apparatus* as may be necessary during the period of six months after injury, or for such time, in excess thereof as the Commission, in its discretion, may require."

The contention of appellee is refuted, and must be denied, under our holding in the case of *Key* v. *Ark. P. & L. Co.*, 228 Ark. 585, 309 S. W. 2d 190, where we

had under consideration both of the statutes set out above. As stated in the opinion, the only issue before the court was whether the limitations provided by § 18 apply to a claim for *medical treatments*. We rejected the contention by *Key* that his claim was not barred by the statute of limitations as set out in § 18 which includes the above quoted § 81-1318 (b) but that it was timely filed under the above quoted § 81-1311. In rejecting *Key's* contention we said:

> "We readily agree with appellant that the above statute empowers the Commission to require medical and hospital expenses indefinitely provided a claim therefor is filed within one year after the date of the last payment."

It cannot be reasonably argued that although § 81-1311 applies to *medical and hospital treatment* it does not apply to *crutches and apparatus,* since both kinds of relief are included in the same statute and in the same sentence.

It follows therefore that the judgment of the trial court must be, and it is hereby, reversed.

Reversed.

SMITH and FOGLEMAN, JJ., concur.

JONES, J., dissents.

GEORGE ROSE SMITH, Justice, concurring. Under the *Key* case, cited by the majority, we are compelled to hold that this claim is barred by limitations. But it ought not to be. Statutes of limitation are intended to put stale demands at rest, when pertinent proof may no longer be available and when other accidents or illnesses may have contributed to the claimant's condition.

Those considerations do not apply in this instance. The destruction of the appellee's heel is a permanent

thing that is not going to change with the passage of time. The issue of causation has been set at rest once and for all. In the circumstances the controlling statute might well be amended. This concurring opinion is intended merely to call the matter to the attention of the General Assembly.

FOGLEMAN, J., joins in this concurring opinion.

J. FRED JONES, Justice, dissenting. I do not agree with the majority opinion in this case and I would affirm the decision of the trial court. As a practical matter, there is a lot of difference between *medical and hospital treatment* and *crutches and apparatus*, as set out in Ark. Stat. Ann. § 81-1311 (Repl. 1960), and I can think of no better case pointing up the difference than the one before us.

Here we have an injured workman, fully and completely recovered from his injury insofar as medical and hospital treatment is concerned. His healing period has ended and he has been paid all the monetary compensation he is entitled to under the Workmen's Compensation Law, for his temporary as well as his permanent partial disability. The only thing wrong with appellee now, as a result of his accident, is that he simply has no heel on one of his feet. There is no question now, and never will be, that he lost his heel as a result of this accident; consequently, there is no possibility of him ever claiming an *apparatus*, in the form of an orthopedic shoe, for some related condition not attributable to his accidental injury.

Certainly the furnishing of such apparatus by the employer should not toll the statute of limitations on a claim for additional compensation or for medical or hospital treatment, but certainly the appellee's failure to demand a new pair of orthopedic shoes at least once a year, regardless of the condition of the ones already furnished to him, should not divest the Workmen's Compensation Commission of its statutory discretion in re-

quiring the employer to furnish crutches and apparatus for such time, as may be necessary, in excess of the period of six months after injury.

I would affirm the circuit court in remanding this case to the Workmen's Compensation Commission for the exercise of its statutory discretion.