W. O. COLLINS and Ruby COLLINS, Husband
and Wife *v.* H. B. DUNCAN and Loretta
R. DUNCAN, Husband and Wife

74-276                                                            520 S.W. 2d 192

Opinion delivered March 3, 1975

*Evans, Ludwig & Evans,* by: *Stanley W. Ludwig,* for appellants.

*Crouch, Blair, Cypert & Waters,* by: *Michael H. Mashburn,* for appellees.

J. Fred Jones, Justice. This is an appeal by W. O. Collins and Ruby Collins, husband and wife, from a judgment of the Washington County Circuit Court apparently sustaining a demurrer to the complaint filed by the appellees H. B. Duncan and Loretta R. Duncan, husband and wife. None of the pleadings are abstracted.

From the statement in appellants' brief it appears that Mr. and Mrs. Collins sold some real and personal property to Mr. and Mrs. Duncan under a contract calling for monthly payments, and that Mr. and Mrs. Duncan ceased making the payments and abandoned the property. It appears from the statement that Mr. and Mrs. Collins filed suit for damages for breach of contract and in the alternative prayed that the contract be canceled and the parties be placed back in status quo. It further appears from the statement that Mr. and Mrs. Duncan demurred to the complaint contending that a provision of the contract provided for liquidated damages in case of default of payment; that this provision of the contract constituted the exclusive remedy available to Mr. and Mrs. Collins and that the complaint did not state a cause of action. The statement sets out that the trial court sustained the appellees' demurrer and upon appellants' refusal to plead further, the court entered an order dismissing the cause with prejudice.

The appellants have designated the points upon which they rely for reversal as follows:

"The trial court finding that a clause of the contract constituted a liquidated damages clause and therefore was the exclusive remedy of the appellants was clearly in error based upon a fair construction of the contract.

The trial court's order sustaining appellees' demurrer and dismissing appellants' cause with prejudice constitutes a ruling contrary to established law."

The appellants have designated two and one-half pages of their brief as "Abstract of Record," but these two and one-half pages are in no sense an abstract of the record, they simply constitute a continuation of the statement of the case.

The contract upon which this entire case is based and which Mr. and Mrs. Collins contend was breached, and which the appellees contend, and the trial court apparently agreed, contained a liquidated damages clause which the appellees relied on as an exclusive remedy, is not abstracted in the appellants' brief.

The appellants cite numerous cases on contract law and pertaining to measure of damages, the intention of parties, and ambiguity in contracts, but we are unable to determine whether the decisions cited by the appellants are applicable to the contract here involved because we do not know what the contract contained without each member of this court being required to read the single record in this case.

In appellants' reply brief they argue that they abstracted the contract on page eight of their brief, but on page eight of the appellants' brief under "Argument" they argue their interpretation of a portion of the contract and quote from the contract as follows:

> " ' . . . in either or all of said events, the sellers shall have the right to immediately retake possession of said property . . . and any payments theretofore made by the buyers shall be kept and retained by the sellers as rents or liquidated damages for the use and possession of the said property by the buyers.' "

Rule 9 (d) of this court does not require or permit the substitution of the entire record as an abstract as was the situation in *Gary v. Ouachita Creek Watershed Dist.*, 239 Ark. 141, 387 S.W. 2d 605, cited by the appellants in their reply brief, but we agree with the appellees' statement that:

> "Appellants' argument contains several references to alleged ambiguities in the contract which was attached as an exhibit to their original complaint, but appellants' 'abstract of record' fails to sufficiently set forth the wording of this contract to allow this Court to make an independent determination as to the existence of any alleged ambiguity."

The requirements as to abstracting records on appeal to

this court under Rule 9 (d) have been stated so many times in our published opinions it would appear that citation of cases should not be necessary, but, see *Alfa Controls Engineering, Inc.* v. *Flagmaster, Inc.*, 257 Ark. 75, 514 S.W. 2d 223 (1974). In *Key* v. *Ark. Power & Light Co.*, 228 Ark. 585, 309 S.W. 2d 190, we pointed out that the extent of the abstract required, depends on the nature of the question involved and if it's one of fact, obviously a more complete abstract would be indicated than if the question is one of law. See also *Tally* v. *Sanders*, 234 Ark. 814, 354 S.W. 2d 736; *Tudor* v. *Tudor*, 247 Ark. 822, 448 S.W. 2d 17; *Reeves* v. *Miles*, 236 Ark. 261, 365 S.W. 2d 460; *Ellington* v. *Remmel*, 226 Ark. 569, 293 S.W. 2d 452; *Thornbrough* v. *Danco Construction Co.*, 226 Ark. 797, 294 S.W. 2d 336; *Porter* v. *Time Stores, Inc.*, 227 Ark. 286, 298 S.W. 2d 51; *Griffin* v. *Mo. Pac. Rd. Co.*, 227 Ark. 312, 298 S.W. 2d 55; *Farmers Union Mutual Ins. Co.* v. *Watt*, 229 Ark. 622, 317 S.W. 2d 285. See also the many additional cases cited under Rule 9 (d) found in Ark. Stat. Ann., vol. 3A, Cumulative Pocket Supplement (1973) at p. 106.

As we have so often pointed out in prior cases, one transcript of the record is filed in a case on appeal to this court and time simply does not permit each of the seven members of this court to search the single record for the pertinent provisions pertaining to points involved on appeal. In many instances the record is voluminous and to require each member of this court to ferret out from a single record the matter necessary for a clear understanding of the question in controversy, would create an impossible situation.

A good rule of thumb would be for an attorney to forget that he knows anything at all about the case, and examine his abstract of the record for a determination of whether it clearly sets out all he would need to know if he were required to decide the issues involved on appeal.

The judgment is affirmed.