James E. BERRY and Joyce BERRY *v.*
SPRINGDALE WATER & SEWER COMMISSION et al

81-266                                           635 S.W.2d 236

Supreme Court of Arkansas
Opinion delivered June 21, 1982
[Rehearing denied July 19, 1982.]

*Jones & Segers,* for appellants.

*Davis & Bracey, P.A.,* for appellees.

GEORGE ROSE SMITH, Justice. This case must be affirmed because of flagrant deficiencies in the appellants' abstract of the record. Rule 9 (d) requires that the abstract consist of an impartial condensation of such parts of the record as are necessary to an understanding of all questions presented for decision. In scores of cases we have discussed the essentials of a proper abstract of the record. In the case at bar the following statement from *Collins* v. *Duncan,* 257 Ark. 722, 520 S.W.2d 192 (1975), is especially pertinent: "A good rule of thumb would be for an attorney to forget that he knows anything at all about the case, and examine his abstract of the record for a determination of whether it clearly sets out all he would need to know if he were required to decide the issues involved on appeal." In the light of that statement we quote the appellants' entire abstract:

The Complaint of Appellant alleges jurisdiction; a contract between appellant and appellee; a breach of the contract and resulting damages (TR-1). The answer of appellee alleges it is a quasi-municipal corporation; comparative negligence as a bar to recovery; and governmental immunity as a bar to recovery (TR-3). Motion for Jury Trial by appellant (TR-5). Order Transferring cause from Second Division to First Division (TR 6-10). Request for Admissions of Fact by Appellee (TR-13). Answer of Appellant to Request admitting the act which occurred was an act of an employee or agent of appellee, the act was an act of negligence and was not caused by an automobile (TR-15). Motion for Summary Judgment with brief by Appellee alleging immunity, no evidence of a contractual relationship and no issue of material fact existing (TR 17-20). Response of appellant stating the contract is a fact question and there is an issue to be determined (TR-22-23). Order granting Judgment to Appellee Summarily (TR-24). Notice of Appeal and Designation of the Record (TR-25).

For reversal it is argued, first, that we should abolish municipal immunity from tort liability, and second, that whether a contract existed between the parties was a question of fact precluding the entry of summary judgment. The appellants' abstract tells us next to nothing about the plaintiffs' asserted cause of action, about the supposed contract, about the alleged act of negligence, about the possible fact question, or about the summary judgment. We have insufficient information from the abstract even to discuss, much less decide, the issues that are argued.

Affirmed.