Michael JACKSON *v.* KINARK CORPORATION, d/b/a CAMELOT HOTEL

84-104                                    669 S.W.2d 898

Supreme Court of Arkansas
Opinion delivered June 4, 1984

R. J. *Brown,* by: *Lisa A. Kelly,* for appellant.

*Friday, Eldredge & Clark, James W. Moore* and *Michael S. Moore,* by: *Michael S. Moore,* for appellee.

GEORGE ROSE SMITH, Justice. In March, 1981, the appellant, Michael Jackson, was employed by the appellee to be a banquet server at the Camelot Hotel in Little Rock. Fourteen months later Jackson was discharged for refusing to take a polygraph test in connection with the disappearance of a television set at the hotel. Jackson brought this action for damages, both in contract and in tort, alleging that his discharge was wrongful and abusive. The trial court granted a motion for summary judgment on the contract claim, holding that the complaint did not state a cause of action because Jackson's employment was not for a definite term. See *Petty* v. *Missouri & Ark. Ry. Co.,* 205 Ark. 990, 167 S.W.2d 895, *cert. den.* 320 U.S. 738 (1943); *St. Louis, I.M. & S. Ry. Co.* v. *Matthews,* 64 Ark. 398, 42 S.W. 902, 39 LRA 467 (1897). The plaintiff then took a nonsuit as to the tort claim and appealed from the summary judgment dismissing the contract claim. The Court of Appeals transferred the case as presenting an issue of significant public interest.

Our decision in the *Petty* case, almost a century ago, followed the common-law rule that when a contract of employment does not bind the employee to serve for a specified time, the contract may be terminated at will by either party, even though the contract provides that the employee can be discharged only for cause. There is then no cause of action for wrongful discharge, the employee being entitled to compensation only for his period of actual service.

The appellant correctly points out that in a number of

other states the law is undergoing a change, with the courts softening the harshness of the common-law rule either by finding an express or implied agreement for a specified period of employment or by imposing on the employer a duty not to discharge the employee arbitrarily or in bad faith. Annotation, 12 A.L.R. 4th 544 (1982). See also *Griffin* v. *Erickson*, 277 Ark. 433, 642 S.W.2d 308 (1982), where we recognized the new trend but did not find it necessary to explore the issue.

We are unwilling to dispose of an important issue on what in this instance amounts to a demurrer to the complaint. In a case of this kind, as the decisions elsewhere demonstrate, the facts of each particular case are important, for the courts' conclusions have varied with the fact situations. Here there is attached to the complaint a printed Employee Handbook which Jackson received and acknowledged. He asserts that it constitutes a definite contract of employment. This handbook describes in detail certain Conditions of Employment. Among them is an initial trial period of three months, with a possible implication that a new employee who completes that term, as Jackson did, can then be discharged only for cause. That the handbook is a contract on which Jackson relied is not refuted by the motion for summary judgment, which was not accompanied by affidavits demonstrating that under the current trend of the law no genuine issue of fact exists. We will be in a position to fully consider that trend only after the facts in this case have been definitely determined. The tort claim, if renewed, may also be pertinent. In the circumstances summary judgment is not approriate, further proceedings being necessary to establish the facts.

The appellee's argument that the judgment should be affirmed under Rule 9, for want of a sufficient abstract of the record, cannot be sustained. The appellant's abstract is deficient, but not flagrantly so. Rule 9 (e) (2). Five years ago we noted in a per curiam order that written exhibits in the record which can be abstracted in words must be so abstracted rather than being attached as exhibits to the brief. Compiler's note to Rule 9, Ark. Stat. Ann., Vol. 3 A (Repl. 1979). This appellant has not abstracted the 25-page

handbook. Instead, a photocopy of the handbook, in type that is not large enough or legible enough to comply with Rule 8, has been inserted in the abstract as an exhibit to the complaint. That procedure does not comply with Rule 9 (d), any more than does the inclusion of such copies in an appendix to the abstract or brief. The pertinent parts of written exhibits that can be abstracted in words should be so abstracted.

Reversed and remanded.

ADKISSON, C.J., and HICKMAN, J., concur.

DARRELL HICKMAN, Justice, concurring. I agree with the result reached but do not join in encouraging reconsideration of our cases which have settled the law regarding the termination of an employee who has no contract for a definite term.

ADKISSON, C.J., joins.