William GAULDEN *v.*
EMERSON ELECTRIC COMPANY

84-187                                              680 S.W.2d 92

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*Law Office of Jim Lyons,* by: *Scott Emerson,* for appellant.

*Cathey, Goodwin, Hamilton & Moore,* for appellee.

ROBERT H. DUDLEY, Justice. The plaintiff, William Gaulden, contends that the trial court erred by dismissing his amended complaint for failure to state facts upon which relief could be granted. Jurisdiction is in this court to construe the Arkansas Rules of Civil Procedure. Rule 29(1)(c). We affirm the trial court.

In the amended complaint, plaintiff alleged that he was employed by defendant, Emerson Electric Company, as a truck driver and in September, 1982, "was laid off for lack of work"; that on December 15, 1982, defendant's personnel manager requested that he return to work by 7:00 a.m. the next morning; and that he told the personnel manager that he had an illness which might prevent his return to work. Additionally, the amended complaint recited that on December 15th, he was taking the prescription drug Compazine, which caused him to experience dizziness. Additional averments were that he did not report for work at the designated time and place but, two hours later, telephoned defendant's personnel manager to tell him that he would be a few hours late; that he was then told he was discharged for failure to "make the run on time and failure to notify the defendant of his illness."

On appeal, plaintiff first contends that portion of the three count complaint, set out above, states a cause of action

both in contract and in tort for wrongful discharge. *See* Comment: *Wrongful Discharge of Employees Terminable At Will - A New Theory of Liability in Arkansas,* 34 Ark.L.Rev. 729 (1980).

Almost a century ago we began to follow the common law rule that when a contract of employment does not bind the employee to serve for a specified time, the contract may be terminated at will by either party, even though the contract provides that the employee can be discharged only for cause. *See St. Louis, I.M. & S. Ry. Co.* v. *Matthews,* 64 Ark. 398, 42 S.W. 902 (1897); *Petty* v. *Missouri & Arkansas Ry. Co.,* 205 Ark. 990; 167 S.W.2d 895, cert. den. 320 U.S. 738 (1943). The harshness of this common law rule is being softened in many jurisdictions. *See* Annotation, 12 ALR 4th 544 (1981). Twice, we have recognized the new trend without finding it necessary to explore this issue. *Griffin* v. *Erickson,* 277 Ark. 433, 642 S.W.2d 308 (1982); *Jackson* v. *Kinark Corp.,* 282 Ark. 548, 669 S.W.2d 898 (1984).

That part of the complaint set out above does not allege any facts which bring the plaintiff within any of the proposed exceptions to the employment at will doctrine. Rule 12(b)(6), which tests the sufficiency of the pleadings, provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted" while Rule 8, which deals with the content of the pleadings, provides:

> A pleading which sets forth a claim for relief, whether a complaint, counterclaim, cross-claim, or third party claim, shall contain . . . (2) *a statement in ordinary and concise language of facts showing that the pleader is entitled to relief* . . . (emphasis supplied).

The sole allegation is that plaintiff told defendant that an illness *might* prevent him from making the trip the next day. The complaint does not aver that defendant was informed that plaintiff was taking prescription medication or was suffering from dizziness. Moreover, the complaint reflects that plaintiff failed to notify appellee that he would not be at work the next day. Since no facts were alleged which would have brought the plaintiff within any of the

proposed exceptions to the employment at will doctrine, there is no need for us to further explore the exception issue, and we affirm for failure to state facts upon which relief can be granted. *See Harvey* v. *Eastman Kodak Co.,* 271 Ark. 783, 610 S.W.2d 582 (1981).

Plaintiff's second point of appeal is that he was not a mere at will employee but had completed a probationary period and could be fired only for good cause. In this portion of the amended complaint plaintiff alleged that he contracted with defendant for probationary employment to be followed by employment which could be terminated only for good cause. He additionally alleged that he had completed his probationary period.

We have clearly stated that we will reexamine our doctrine when we are presented with a case in which the contract of employment provides for discharge only for cause and the employee is discharged arbitrarily or in bad faith. *Jackson* v. *Kinark Corp.,* 282 Ark. 548, 669 S.W.2d 898 (1984). In fact, in *Jackson* we reversed the granting of a summary judgment in order that the facts of the case could be developed on this precise issue. However, in the case at bar, the plaintiff has not stated a cause of action, for even if we should decide to change our law to prohibit an arbitrary or bad faith discharge when the contract requires cause, this complaint shows that the defendant had good cause to discharge plaintiff. The complaint recites that defendant informed plaintiff that he was being discharged for "failure to make the run on time and because of his failure to notify defendant of his illness. . ." and the complaint further recites that plaintiff, in fact, did not report for work at the designated time and place.

Affirmed.

HUBBELL, C.J., and HICKMAN, J., concur.

PURTLE, J., and HOLLINGSWORTH, J., dissent.

WEBB HUBBELL, Chief Justice, concurring. I concur in the result reached by the majority, but I am concerned that

we are further opening the floodgates of employment litigation. In *Jackson* v. *Kinark*, 282 Ark. 548, 669 S.W.2d 898 (1984), we seem to indicate that an employee handbook may give rise to an employment contract for an indefinite term. The majority now seems to accept appellant's argument that the employment application which said that the employee will be on probation for the first three months creates an employment contract after three months which would require the employer to discharge the employee only for cause.

I do not believe that we should even hint that an application, like the one in this case, establishes a duty on the employer not to discharge without cause.

HICKMAN, J., joins in this concurrence.

JOHN I. PURTLE, Justice, dissenting. I respectfully disagree with the majority opinion primarily because I think the archaic doctrine of complete employment-at-will is no longer in keeping with public purpose and current law. Even if we are to uphold the employment-at-will doctrine, this case is an exception and should be reversed.

The employment-at-will doctrine allows an employer to discharge an employee for holding out for constitutionally protected and guaranteed rights. It also approves discharge for spite. This type discharge should no longer be condoned and many jurisdictions are casting it aside. We should do likewise. In fact I am of the opinion this court has acknowledged its duty and obligation to re-examine our policy on this issue. *Jackson* v. *Kinark Corp.*, 282 Ark. 548, 669 S.W.2d 898 (1984); *Griffin* v. *Erickson*, 277 Ark. 433, 642 S.W.2d 308 (1982). We again have the opportunity to consider the unfairness and harshness of the old rule. Thank goodness we as a society in general have moved away from this antiquated system by creation of Civil Service Commissions, employment contracts and other enlightened employment relationships. So long as we keep ducking the issue as we did in *Jackson* and *Griffin* we will not bring Arkansas into the fold of modern employment policies. How long shall we endure discrimination and abuse of

workers before we recognize that an employee has a right to know what might cause him to lose his job and the reason if he is terminated? A good employer will no doubt be fair and honest with employees and they with the employer. There is nothing to fear by adopting needed changes in current public policy in the matter of employment of workers. Certainly the employer will still retain the authority to dismiss unproductive and uncooperative employees for any valid reason. However, he ought not to be able to dismiss any employee purely because of political or religious belief or the color of his skin. It is likely that the federal courts will give some relief in these matters but wrongfully discharged employees ought to have also the protection of our state courts.

I believe the appellant stated a cause of action and was entitled to have it heard in court. It may well be that he would have lost if it had been tried; nevertheless, he was, in my opinion, entitled to be heard. What was the purpose of having him undergo a probationary period of employment if he was to have no more job security after his apprenticeship was completed?

The appellant may well have been in violation of rules of the Transportation Department if he had gone to work two hours earlier. If he were on drugs, which he said he was, and the medicine made him drowsy, he was forbidden by law to drive a truck. Even if he was ill, and that is not disputed, he could have been a danger to the public and also in violation of regulations relating to truck drivers. He reported ready for work two hours late but had forewarned the employer he might be unable to drive. It seems to me simple justice and fair play required the employer to check into the matter before firing him and that the court should have heard the matter rather than summarily dismissing his claim.

I do not contend the appellant possessed a property right in the employment which guaranteed full due process procedure. However, I believe the majority is clearly wrong in accepting the employer's averments as true and disregarding appellant's claim that he could be terminated only for cause.

P.A. HOLLINGSWORTH, Justice, dissenting. I dissent from the Court's affirmance of this case. This Court has stated that it would re-examine the employment-at-will doctrine in light of the trend to soften its harshness as adopted by other jurisdictions. *Jackson* v. *Kinark Corp.,* 282 Ark. 548, 669 S.W.2d 898 (1984). The reason this Court has not dealt with the new trend previously is due to the summary disposal of the cases. The Court believed the facts were not properly developed for consideration of this issue. Once again in this instance the majority is avoiding dealing with the doctrine by upholding the trial court's granting of a motion to dismiss for failure to state facts upon which relief can be granted. Ark. R. Civ. P. Rule 12 (b)(6).

I believe the appellant did allege facts in his amended complaint upon which relief could be granted. Appellant informed the appellee that he might not be able to make the run the next morning due to his illness. This was sufficient notice to the appellee.

The granting of the motion to dismiss should be reversed so that this Court can reconsider the rigid employment-at-will doctrine. This issue is of extreme importance to the citizens of this state. Our economic hard times require that employees be informed as to what infractions can cause them to lose their jobs. It is highly unconscionable that an employee can be fired at the employer's whim. This Court must examine again its construction of the employment-at-will doctrine in order to alleviate this atrocity. This case was ripe for this determination. I would reverse the lower court's decision.