332

Laverne E. FRENCH *v.*
DILLARD DEPARTMENT STORES, INC.

84-288                                    686 S.W.2d 435

Supreme Court of Arkansas
Opinion delivered April 1, 1985

*Mary Ann Gunn* of *Williams & Gunn,* for appellant.

*William Robert Still, Jr.,* of *Barrett Law Firm,* for appellee.

GEORGE ROSE SMITH, Justice. From 1972 until September, 1982, the appellant was employed by the appellee in the cosmetics department of its Fayetteville store. After her employment was terminated, she brought this action for slander and for her assertedly wrongful discharge. Upon the appellee's motion for a partial summary judgment the trial

judge granted such a judgment as to the discharge. The Court of Appeals transferred the case to us as possibly involving an issue that was touched upon but not decided in two recent cases. *Jackson* v. *Kinark Corporation,* 282 Ark. 548, 669 S.W.2d 898 (1984); *Griffin* v. *Erickson,* 277 Ark. 433, 642 S.W.2d 308 (1982).

In *Griffin* we followed our long-standing rule that when the term of employment is left to the discretion of either party, or is indefinite, or is terminable by either party, then either may end the relationship at will and without cause. The possible change mentioned in the two cases would be brought about, as we said in *Jackson,* "by finding an express or implied agreement for a specified period of employment or by imposing on the employer a duty not to discharge the employee arbitrarily or in bad faith."

The appellant presents her arguments as four points for reversal, but there is actually only one essential issue: Does the proof submitted for and against summary judgment present any material disputed question of fact that might bring the case within the *Jackson* exceptions? We find none.

The appellant testified that when she was orally employed in 1972, she was told that she could work as long as she desired. No definite term was specified. She signed a written application that included this statement: "I understand and agree that Dillard's may terminate my employment at any time, without prior notice or liability of any kind, except for wages earned and unpaid at the time of such termination." Thus the original agreement was terminable at will by either party, under the common-law rule we have always followed.

As to later modifications of the agreement, only three are suggested. First, Dillard's initiated a profit-sharing plan to which it contributes. After five years an employee's interest is vested in the sense that she receives the balance in her account at her retirement or a percentage of it if she is terminated before retirement. The plan, however, is not shown to involve any assurance of continued employment. Second, there is a stock-purchase plan. After one year's

employment an employee may contribute up to 3% of her pay, which Dillard's will match and use for the purchase of stock in the company. The employee then simply owns the stock; it has nothing to do with her continued employment. Third, in a proffered affidavit which we have taken into consideration, the appellant stated that from the time she accepted the employment she was required to give two-weeks notice of any decision on her part to terminate the employment and would lose certain benefits if she failed to do so. Such a provision is not uncommon, but it does not assure the employee of a job for any specified length of time. Rather to the contrary, it confirms the employee's right to quit.

In sum, we find nothing in the proof to present an issue of fact with respect to the possible exceptions discussed in the *Jackson* and *Griffin* opinions.

Affirmed.