PETERSON INDUSTRIES, INC. *v.* Barbara Kay FARMER

85-246                                                          705 S.W.2d 8

Supreme Court of Arkansas
Opinion delivered. March 3, 1986
[Rehearing denied April 14, 1986.*]

*Ernest G. Lawrence*, by: *Blaine A. Jackson*, for appellant.

*Boyce R. Davis*, for appellee.

DARRELL HICKMAN, Justice. This appeal asks us to reaffirm our rule that when a contract of employment does not bind the employee to serve for a specified time, the contract may be terminated at will by either party. See *Gaulden* v. *Emerson Electric Co.*, 284 Ark. 149, 680 S.W.2d 92 (1984). We are unable to reach the merits of the appeal because the appellant has failed to abstract all pertinent parts of the record; therefore, we affirm. Ark. R. Sup. Ct. Rule 9 (d).

---

* Purtle, J., not participating.

Barbara Kaye Farmer, the appellee, was terminated by the appellant, Peterson Industries. The reason given by the company was that Farmer had been absent for over two days without notification in violation of the policy set forth in the company handbook. At the time of her absence, she was hospitalized because of recurring pain from a previously sustained back injury for which she had received workers' compensation benefits. Farmer sued the appellant alleging wrongful discharge. At trial the following instruction was given:

> If you find that Barbara Kaye Farmer was fired by Peterson's, Inc., in direct violation of the company's own policies or for the reason that she had filed or was pursuing a Workers' Compensation claim, then you should find for the plaintiff, Barbara Kaye Farmer.

The trial court gave the instruction because of our previous indications that we would consider modifying our position on the employment-at-will doctrine. See *Gaulden* v. *Emerson Electric Co., supra*; *Jackson* v. *Kinark Corp.*, 282 Ark. 548, 669 S.W.2d 898 (1984). The jury returned a verdict for Farmer for $10,000. The appellant argues (1) that the instruction was error; (2) that there was insufficient evidence to find that Farmer was fired in retaliation for pursuing a workers' compensation claim; and (3) that the damages were computed erroneously.

It is the duty of the appellant to furnish us with an abridgement of the record sufficient to understand the matters presented. *Dyke Industries, Inc.* v. *Johnson Const. Co.*, 261 Ark. 790, 551 S.W.2d 217 (1977); *Collins* v. *Duncan*, 257 Ark. 722, 520 S.W.2d 192 (1975). Our rule 9 (d) requires affirmance because the appellant failed to abstract the employee handbook or its objection to the instruction complained of, and also failed to abstract much of the testimony required to review the second and third points of its argument.

Affirmed.

PURTLE, J., not participating.