The Honorable Charles Robinson Legislative Auditor State Capitol Little Rock, AR 72201
STATE MESSENGER
Dear Mr. Robinson:
This is written in response to your request for an opinion regarding the issuance of tourism or parking facility revenue bonds. In certain Arkansas localities the governing body has assumed, subsequent to issuance, responsibility for payment of the bonds from public general revenues.
Your question is whether this is a legal practice under the Arkansas Constitution of 19[8]74.
Amendment 10 prohibits counties, cities and incorporated towns from contracting or making allowances in excess of their incoming revenues from all sources for the fiscal year.
Additionally, Amendments 13, 17, 25 and 49 to the Constitution address the issuance of bonds by counties, cities and incorporated towns.
According to a recent Arkansas Supreme Court opinion, in dicta, Amendments 13, 17, 25, and 49 were "incorporated" in Amendment 62. See, City of Hot Springs v. Creviston, Slip Opinion #85-237, March 3, 1986.
As you know, in recent opinions, Purvis v. City of Little Rock,282 Ark. 102, 667 S.W.2d 936, Opinion No. 86-. on reh. 669 S.W.2d 900 (1984), and City of Hot Springs, supra, the Arkansas Supreme Court has held that revenue bonds must be issued for a project that qualifies as having a public purpose and must have been voted on by the local electorate regardless of the source of revenue to pay the bonds. The Court has, in these two cases, strictly construed the provisions of Amendment 49.
With this background in mind, we address your specific questions which are:
 1. From what sources and/or funds may bond principal and/or interest for the retirement of Municipal Street and Parking Revenue Bonds or Tourism Revenue Bonds be paid? (May a county's or municipality's general revenue or street funds be used to pay principal and/or interest on Municipal Street and Parking Revenue Bonds?)
 2. What is the maximum rate of interest for which Municipal Street and Parking Bonds and Tourism Revenues Bonds can be issued?
Bond issues of the type of your request are governed by the law in effect at the time of issuance. See, Amendment 62, 8 to the Arkansas Constitution.
According to your request, Mississippi County issued ten percent 10% tourism revenue bonds in 1982 pursuant to Amendment 49 and Act 380 of 1971, codified as Ark. Stat. Ann. 13-1801 — 12-1814 (Repl. 1979) to build Lake Neark. The ballot utilized in the special election held to vote on the bonds stated that should revenues from lake improvements be inadequate to pay the bonds, the Mississippi County Quorum Court would appropriate money in the amount necessary to retire the bonds from the County General Fund. Since no revenue has yet been produced from Lake Neark, the County began paying principal and interest from the General Fund in 1983. The other situation you relate is that of Mountain Home which issued five percent (5%) parking revenue bonds under the authority of Act 317 of 1967 (codified as Ark. Stat. Ann. 13-1701 — 1711 (Repl. 1979) and Amendment 13 in 1972. The bonds were to be paid from parking meter revenues; however, at least twice monies were transferred directly from city general funds to make bond payments. The parking meters have been removed but revenues are insufficient to retire the bonds from the sale.
Amendment 10 and Amendment 13 which were still viable in their entirety when both bond issues were passed prohibits a city or county from pledging their credit issuing any interest-bearing evidences of indebtedness or entering into an obligation that exceed, one fiscal year's revenues. Therefore, it is a constitutionally suspect practice for bond issue payments to be assumed by a city or county if pledged revenues are insufficient to pay the principal and interest due.
Amendment 49, as it was adopted in 1958, clearly limits interest on general obligation bonds to six percent (6%) when it states:
 Such bonds shall bear interest at a rate not to exceed six percentum 6% per annum. . . .
Amendment 13 also states that bonds issued thereunder shall not bear a greater interest rate than six percent (6%). However, Acts 380 and 317 (mentioned above) authorize revenue bond issuance at the rate of 10%. Inasmuch as Act 380 is an implementing act of Amendment 49, and Act 317 is an implementing statute of Amendment 13, they appear to be in conflict with those Amendments in their allowance of a ten percent interest cap rather than six percent for the type of bonds at issue here. This strict interpretation is consistent with recent Arkansas Supreme Court decisions. Amendment 62, adopted two years after the Mississippi County bonds were issued, of course, allows bonds to bear interest at a rate not to exceed two percent (2%) per annum above the Federal Reserve Rate at time of election.
To summarize, principal and interest for the retirement of municipal street and parking revenue bonds or tourism bonds should be paid only from specific special revenues pledge. The maximum rate of interest on these type of bonds issued appears to be six percent (6%).
The foregoing opinion, which I hereby approve, was prepared by Special Counsel R.B. Friedlander.