Horace PROCTOR *v.* EAST CENTRAL ARKANSAS
EOC

86-153                              724 S.W.2d 163

Supreme Court of Arkansas
Opinion delivered February 23, 1987

*Fletcher Long, Jr., P.A.*, by: *Fletcher Long, Jr.*, for appellant.

*B. Michael Easley,* for appellee.

JOHN I. PURTLE, Justice. This case was certified from the Court of Appeals pursuant to Arkansas Supreme Court Rule 29(4)(b). This action commenced when the appellant filed suit in the St. Francis County Circuit Court to force the appellee to rehire him. The appellee had previously terminated the appellant's employment when the federal funds for his position were eliminated. The trial court held that the appellant did not have a right to be reemployed and dismissed the complaint. On appeal the appellant argues that the "Personnel Policies and Procedures Manual" of his employer created a contractual right to reemployment. We hold that the policies manual did not guarantee the appellant the right to be reemployed by the appellee.

The disposition of the case is controlled by the relationship between the parties as established by the "Personnel Policies and Procedures Manual." We consider only the relevant portions of the manual. It is not disputed that the lay-off of the appellant was due to reduction of funds and was in accordance with the provisions of the appellee's manual. The reemployment and recall provisions of the manual are the underlying basis of this action. The manual provides that lay-offs and recalls will be determined by: (1) performance, (2) capability and (3) seniority.

We still follow the common-law rule that when an employment agreement does not bind the employee to serve for a specified period of time, the employment may be terminated at will by either party. *Jackson* v. *Kinark Corporation*, 282 Ark. 548, 669 S.W.2d 898 (1984). In the absence of a public policy exception, there is no cause of action when the employment relationship is terminated by either party unless the parties have contracted otherwise. *Jackson* v. *Kinark Corporation, supra.* In the above case the employee brought a contract action alleging wrongful discharge and a tort action. He relied upon a printed "Employee Handbook" which described certain details and conditions of employment. The trial court granted summary judgment in favor of the employer on the contract claim and we

reversed on appeal. We held that the trial court should have considered the "Employee Handbook" in reaching its decision. We stated: "We will be in a position to fully consider that trend only after the facts in this case have been definitely determined." In the present case the trial court considered the handbook and determined that the appellant did not prove that the employer had breached the terms of the handbook. The trial court also found that the manual did not create a binding contract between the parties.

In the case of *Griffin* v. *Erickson*, 277 Ark. 433, 642 S.W.2d 308 (1982), the terminated employee relied upon the terms of a "Statement of Management Policy Handbook" to prove that he was wrongfully discharged. The employer defended the action on the ground that the manual did not apply to Erickson. In our opinion we stated: "Without belaboring the point, we are satisfied the SMP [manual] applied to John Erickson but we believe there was substantial compliance with its requirements and the hearings conducted by Lloyd and McMullen were sufficient."

We reviewed another wrongful discharge case based upon the provision of an employer handbook or manual in *Bryant* v. *Southern Screw Machine Products Company, Inc.*, 288 Ark. 602, 707 S.W.2d 321 (1986). There the trial court entered a judgment notwithstanding the verdict against the employee and we affirmed. In so doing we stated: "There was nothing in the handbook assuring any employee that he or she would be employed for a particular length of time or would be discharged only for cause. Hence, this is not the type of case we had in mind in *Jackson* v. *Kinark Corp.*"

Absent a valid contract the only other theory to allow recovery for an aggrieved employee would be based upon public policy considerations. We have addressed this issue in *M.B.M.* v. *Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980), where we stated:

> We might well agree with Ms. Counce if there was any indication that she was discharged for exercising a statutory right, or for performing a duty required of her by law, or that the reason for the discharge was in violation of some other well established public policy. This is simply not the case.

■ Although all the previously cited cases have dealt with "wrongful discharge" we see no reason why the present claim for "reinstatement" should not be governed by the same principles because this case is also based upon the interpretation of an employer handbook. The trial court fully considered the personnel manual before granting judgment in favor of the employer. Whether an employment manual or handbook creates an employment contract is a question which must be determined on a case by case basis.

■ The facts of this case reveal there was no contract for a definite period of time, nor was there a certain period of time or specific condition which would require reinstatement. The record indicates the funding source for appellant's job was not renewed. Most importantly, the employer did call the appellant in for several interviews as other positions became available. The terms of the handbook, even if binding between the parties, allowed the employer considerable discretion in employment and reemployment decisions. We cannot say that the trial court was wrong in finding that the appellant had no enforceable right to reemployment under the facts as developed at the trial.

Affirmed.