The Honorable Mike Bearden State Senator P.O. Box 686 Osceola, AR 72370
Dear Senator Bearden:
This is in response to your request for an opinion regarding Act 822 of 1989, which involves the contracts of non-teaching personnel. Your specific questions are as follows:
 1.) Do contracts with school district employees, other than substitute teachers and regular teachers, have to be for at least one year?
 2.) Can the contracts, with employees other than substitute teachers and regular teachers, be on an `at will' basis?
 3.) Does the contract have to state an annual salary as opposed to an hourly rate or monthly salary?
While the answer to your first question is by no means clear from a reading of Act 822, it is my opinion that if faced with this issue, a court would in all likelihood conclude that the answer is "no." This conclusion is based upon the language of the act, since there is no interpretive authority on point.
Section 1 of Act 822 amends A.C.A. 6-13-620(3)(C) to read as follows:
 The issuing of annual contracts to personnel other than substitute teachers employed on a daily basis and teachers shall be in writing and shall recite the duration of employment, specific duties and annual salary.
It is significant to note, initially, that this language does not on its face mandate contracts for a term of one year. Rather, it appears at first glance to merely require that the contract be in writing if it is an "annual contract," meaning, arguably, a one-year contract. Section 4 of the act (the emergency clause) must, however, also be considered wherein it states in pertinent part:
 It is hereby found and determined by the General Assembly of the State of Arkansas that school districts within the State of Arkansas during the spring of 1989 will be making decisions pertaining to the hiring of non-teaching personnel and that those non-teaching personnel should be employed by a written contract to provide them with some certainty regarding their future employment.
This language suggests that legislative intent has been expressed in favor of the employment of all non-teaching personnel by written contract. Yet if this is true, the question then becomes: "What was intended by insertion of the word "annual" in Section6-13-620(3)(C)?"
One might contend that the term "annual" specifies the length of the contract and that Section 1 of Act 822, in light of the intent expressed under Section 4, must be construed to mandate one-year contracts. It should be recognized, however, that Section 1 is inherently ambiguous due to the reference therein to "teachers employed on a daily basis" and the requirement that the contract recite the "duration of employment." There is ambiguity in the statement that "annual contracts [of] personnel other than substitute teachers employed on a daily basis" (emphasis added), must be in writing. These substitute teachers are, presumably, not employed under one-year contracts. Legislative intent with respect to the phrase "annual contracts" is therefore unclear. This ambiguity is compounded by the additional requirement regarding the "duration of employment." If the contracts must in fact be for a one-year period, this language is redundant.
Resolution of this ambiguity may turn on the emergency clause obtained in Section 4 of the act. This clause is prefaced by the statement that "school districts within the State of Arkansas during the spring of 1989 will be making decisions pertaining to the hiring of non-teaching personnel." This language suggests that the legislature perceives the spring as the hiring decision period for the districts. The language of amended 6-13-620(3)(C) with regard to "annual contracts" may reasonably be construed, in light of Section 4, as referring to this decision-making time period, rather than establishing a required one year term of employment. It may be successfully contended that this conclusion follows from the fact that in determining legislative intent, each section must be read in light of every other section, and that the object and purpose of the act should be considered. Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958). Reference to the emergency clause in case of ambiguity is, moreover, also appropriate. Farm Bureau Mut. Ins. Co. of Arkansas v. Wright,285 Ark. 228, 686 S.W.2d 778 (1985).
It is apparent from the foregoing that a difficult question is raised with respect to the meaning of the term "annual" as it appears in Section 1 of Act 822. Clarification in a future legislative session is, as suggested in your correspondence, probably indicated. While a conclusive answer is impossible in light of the ambiguity and the absence of judicial interpretive authority, it is my opinion that the act cannot reasonably be construed to mandate employment contracts for a term of one year for all non-teaching personnel. Such a conclusion could only be reached, in my opinion, through a strained construction of the act. This result requires a clearer expression of legislative intent.
In response to your second question, it must be initially recognized that according to a recent Arkansas Supreme Court pronouncement, an "at will" employee is "one employed for an indefinite term." Sterling Drug, Inc. v. Oxford, 294 Ark. 239,245, 743 S.W.2d 380 (1988). As stated in another case:
Generally, a contact of employment for an indefinite term is a `contract at will' and may be terminated by either party, whereas a contract for a definite term may not be terminated before the end of the term, except for cause or by mutual agreement, unless the right to do so is reserved in the contract. [Citation omitted.]
Griffin v. Erickson, 277 Ark. 433, 437, 642 S.W.2d 308 (1982).
With regard to the contracts in question, as previously noted, the legislature has expressed its intent under Act 822 of 1989 in favor of written contracts. And Section 1 of Act 822 requires a stated "duration of employment." These requirements would appear to effectively remove the contracts from the "at will" category, due to the inclusion of a definite term. See, Griffin v. Rickson, supra; see also, Gaulden v. Emerson Electric co., 284 Ark. 149,680 S.W.2d 92 (1984); Proctor v. East Central Arkansas EOC,291 Ark. 265, 724 S.W.2d 163 (1987). While the terms of each particular contract must, of course, be considered, it is my opinion that the answer to your second question is, generally, "no."
Your final question involves the requirement under Act 822 with regard to a stated "annual salary." Section 1 of the act states in pertinent part that the contract "shall recite the ______ annual salary." A statement with regard to the "annual salary" is, therefore, clearly required. It is my opinion, however, that the contract may then break this salary down to an hourly or monthly amount and not contravene Act 822. The required "annual salary" statement does not, in my opinion, necessarily preclude an additional recitation of the hourly rate or monthly salary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.