Bob GODWIN *v.* Emilie GODWIN

79-322                                       596 S.W. 2d 695
Supreme Court of Arkansas
Opinion delivered April 14, 1980

*William M. Stocks,* for appellant.

*Charles R. Garner,* for appellee.

JOHN I. PURTLE, Justice. A hearing was held on July 10, 1979, wherein appellee was granted a divorce from appellant. Certain properties were disposed of by the court, and the appellant was ordered to post a performance bond in the sum of $4,000 before leaving the courtroom.

On appeal appellant contends (1) that the court was without authority to order him to post a performance bond before leaving the courtroom and (2) that the court erred in determining there were no property rights to be decided by the court. We agree with appellant that the bond should not have been required without notice and the right to a hearing. However, we affirm the chancellor on the matter of the property disposition.

The parties were married on November 28, 1977, and separated on December 25, 1978. Appellee filed for a divorce in January of 1979, and the appellant entered his appearance and waiver of service along with an answer and a counterclaim for divorce. At the trial he did not contest appellee's grounds for divorce and did not advance his own allegations for a divorce.

Appellant was a resident of Fort Smith, but prior to the marriage he had accepted employment as a cattle broker in Newbern, Tennessee, and had thereafter spent very little time in Arkansas.

The uncontradicted testimony discloses appellant was given to drinking to excess, and he also gambled to a considerable extent. The only evidence relating to earnings of appellant was the testimony of appellee that she thought he made $70,000 a year, and appellant's statement that he made somewhere from $1,000 to $4,000 per month.

During the marriage the parties purchased a couch, two chairs, a washer, a dryer, a refrigerator, and an automobile. There was no dispute over the household furnishings being marital property; however, there was a dispute whether the automobile was a gift to appellee. Both parties testified appellant had delivered the automobile to the appellee as a gift and had continued to make the payments on it up until the time of the trial. He also held the papers relating to ownership of the vehicle.

At the close of the testimony the chancellor called the parties' attorneys into chambers and informed them she would require appellant to execute a $4,000 performance bond before he could leave the courtroom. There had been no prior notice of the bond requirement nor did appellee ask that appellant be required to post bond. During the recess, appellant called a friend who acted as surety on the bond, and the appellant was released.

The order and decree were entered on July 24, 1979, *nunc pro tunc* for July 10, 1979. The court found there was no property to be divided between the parties and ordered appellant to pay certain bills which were outstanding. Appellee was awarded the household furnishings. Appellant was ordered to pay $368.25 encumbrance on the washer, dryer and refrigerator and to furnish appellee with the pink slip, tax receipt, and license on the automobile. He was also required to continue payments of $168 per month on the debt for the automobile. Appellee was ordered to pay her own medical expenses which she had incurred subsequent to the separation.

On August 23, 1979, appellant filed a motion to modify the order and decree. In the motion he objected to the requirement of posting a bond before being released and to the disposition of the marital property and debts. A response was filed by appellee. However, the court took no formal action on the motion.

Appellant brings this appeal from the order relating to the bond requirement and division of the property.

We first consider the property question.

Although the decree was entered of record on July 24, 1979, it was granted effective as of July 10, 1979. House Bill Number 88 subsequently became Act 705 of the General Assembly for 1979. The emergency clause failed; and, the Act became effective 90 days after the General Assembly recessed on April 20, 1979. Act 705 is now the controlling law in relation to property division in divorce cases.

The chancellor was not bound by the provisions of Act 705 of 1979 because it was not in effect on the date the order and decree were made. We are unable to say the chancellor erred in the matter of the property rights because appellant stated he owned no property in Arkansas. He also admitted that the automobile was a gift to his wife, and it does not matter that he still owed for the balance of the purchase price. Appellee was required to pay about $3,000 in medical bills. We cannot say the court did not make an equitable distribution of the marital property rights.

Under the statute then in force, which was not challenged at the trial, the court did not make an award of any of appellant's separate property to appellee even though she was granted the divorce. Therefore, there was nothing to be decided under Ark. Stat. Ann. § 34-1214 (Repl. 1962). Although the appellant testified he did purchase some items of property while the parties were married, he further testified he owned no property in Arkansas at the time of the hearing on the divorce. Thus, we are unable to say that the chancellor's decree is not supported by substantial evidence in this matter.

We now consider the bond question.

It is not disputed that the appellant did not have prior notice that he might have to post a performance bond, nor was he permitted the right to a hearing on the posting of the bond. It is fundamental that a person cannot be deprived of life, liberty, or property, without due process of law. U.S. Const., amend. V and XIV; and the Ark. Const. of 1874, Art. II § 21.

Appellant could not have been held in contempt for failing to abide by the decree of the court which was only a few minutes old and had not in fact even been reduced to writing.

Imprisonment for disobedience of an order to pay a sum into the court, without finding the party was able to pay said sum, is imprisonment for debt in violation of the Constitution of Arkansas Art. II § 16. *Leonard* v. *State,* 170 Ark. 41, 278 S.W. 654 (1926). Before a party may be denied his rights, he must be given notice and an opportunity to be heard. *Franklin* v. *State,* 267 Ark. 311, 590 S.W. 2d 28 (1979).

Therefore, we hold that under the facts and circumstances of this case, the court lacked jurisdiction to require appellant to post the performance bond before leaving the courtroom. We do not imply that a performance bond may not be required under proper circumstances.

The case is remanded with directions to dissolve the performance bond and is affirmed as to all other matters.

Affirmed as modified.