Decima ZINI et al. *v.* Freddie PERCIFUL, Administrator, et al.

86-76                                         711 S.W.2d 477

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*Green Law Offices*, by: *Anthony J. Sherman*, for appellants.

*Wallace & Hammer*, by: *James B. Wallace*, for appellees.

GEORGE ROSE SMITH, Justice. Angelo Zini died in October, 1983. By petition an attempt was made to probate any one of three separate writings as Mr. Zini's will. The validity of all the proffered instruments was challenged. The court appointed a master to take testimony. This appeal is from a judgment adopting the master's finding that none of the three writings was a valid will. One was found to be largely typewritten but not witnessed. The other two, though handwritten, were found to contain numerous strike-throughs, to be almost illegible, to fail to reflect an intent to make a will, and to lack the necessary words of dispositive character.

The appellants, beneficiaries of the purported will that was dated May 17, 1978, argue that because there is a strong presumption against intestacy, the trial court should have found the language of the instrument sufficient to constitute a valid holographic will. Two phrases, apparently quoted from the writing in question, are relied on to support the argument.

It is impossible for us to consider the appellants' contentions, because counsel have not provided us either with an exact quotation of the instrument in question or with an abstract of it. We have no idea how it reads. We are referred by the appellants to Exhibit 2 in the transcript, but for a hundred years we have pointed out, repeatedly, that there being only one transcript it is impractical for all members of the court to examine it, and we will not do so. An early case, among scores of such cases, is *Shorter University v. Franklin*, 75 Ark. 571, 88 S.W. 974. There we noted, in 1905, that the rule (now Rule 9) had been promulgated twenty years earlier.

In a reply brief counsel for the appellants put forth this explanation for the omission in their original brief:

> Appellants were unable to abstract the decedent's wills in words. Rule 9(d) provides that when a map, or other similar exhibit can not be abstracted in words, appellant shall reproduce such exhibit and attach it to the copies of the abstract. Appellants attempted to file their brief attaching a copy of the subject wills to their brief, but the Supreme Court Clerk refused to accept it because of the proposed exhibit. Since this Court reviews this appeal de novo, appellants referred to the records so the Court could see the subject wills. Appellants submit that they have complied with Rule 9 of the Rules of the Supreme Court and that this case should not be summarily affirmed because of any deficiency.

The explanation misconceives the purpose of Rule 9, for in effect counsel are insisting that all seven judges examine the transcript. The wills were all written instruments and could have been abstracted in words, which is probably why the clerk rejected the proffered brief. Better still, the wills could have been copied verbatim in the abstract of the record, that being almost invariably the preferred practice when a will, deed, contract, or other writing is to be interpreted. If counsel wanted the members of the court to see the wills in their original form, the wills should have been included in the abstract and also attached to the brief in the form of photocopies. Finally, even though we review probate court appeals de novo, the review is upon the record as abstracted, not upon the original record. *Smock v. Corpier*, 226 Ark. 701, 292

S.W.2d 260 (1956).

Affirmed.