Jack B. DAVIS *v.* Mark S. WINGFIELD

88-133                                                      759 S.W.2d 219

Supreme Court of Arkansas
Opinion delivered November 7, 1988

*Walter A. Murray Law Firm*, for appellant.

*David Hodges*, for appellee.

TOM GLAZE, Justice. This is an appeal from the trial judge's finding the appellant liable for appellee's damages which resulted from an automobile accident. The accident occurred when the appellant, who was answering an emergency call in an authorized emergency vehicle displaying the proper lights and siren, proceeded into the intersection on a red light and collided with the appellee's car already in the intersection. Appellant contends that the trial court's ruling is in error, because the judge misapplied the emergency vehicle statutes and found that the appellant was negligent as a matter of law for proceeding into the intersection on a red light. The appellee argues before this court that the appellant's abstract is defective under Ark. Sup. Ct. R. 9, because the appellant failed to abstract the notice of appeal and lower court's judgment.

■ This court has frequently noted that the basic pleadings and the judgment or decree appealed from are ordinarily essential constituents of the abstract. *See, e.g., Jolly* v. *Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987); *see also* Smith, *Arkansas Appellate Practice: Abstracting the Record*, 31 Ark. L. Rev. 360, 362 (1977). In addition, we have stated that all relevant orders entered by the trial judge are to be abstracted. *City of Mariana* v. *Municipal League*, 291 Ark. 74, 722 S.W.2d 578 (1987). Since there is only one transcript, it would be impractical to require all the members of the court to examine it to determine the contents of the lower court's judgment. *See Zini* v. *Perciful*, 289 Ark. 343, 711 S.W.2d 477 (1986).[1]

■ Because the appellant failed to abstract the judgment and made no motion to supplement the abstract to include it, we are, in accordance with the above authority and precedent, required to affirm.

---

[1] See *In re Matter of Revision of the Rules of the Supreme Court and Court of Appeals*, 296 Ark. 581, 757 S.W.2d LVIII (1988), which proposes adoption of new appellate procedure that may serve, if adopted, to eliminate most problems, like the one here, that results from abstracting the record.