Minnie Christine HAILEY, as Administratrix of the Estate of Billy Houston Hailey, Deceased *v.* C. Leonard KEMP, M.D. and Roger Cagle, M.D.

89-86                                                      776 S.W.2d 828

Supreme Court of Arkansas
Opinion delivered October 2, 1989

*Warren E. Dupwe, P.A.*, for appellant.

*Friday, Eldredge & Clark*, by: *C. Tab Turner*, for appellee.

DAVID NEWBERN, Justice. This is a medical malpractice case. Ark. Code Ann. § 16-114-204 (1987) provides:

> (a) No action for medical injury shall be commenced until at least sixty (60) days after service upon the person or persons alleged to be liable, by certified or registered mail to the last known address of the person or persons allegedly liable, of a written notice of the alleged injuries and the damages claimed.

(b) If the notice is served within sixty (60) days of the expiration of the period for bringing suit described in § 16-114-203, the time for commencement of the action shall be extended seventy (70) days from the service of the notice.

The appellant, Mrs. Hailey, served the appellees, Dr. Kemp and Dr. Cagle, with the notice required under subsection (a) four days before the statute of limitations had run. The limitations period was thus extended 70 days from the service of the notice. The suit, alleging malpractice resulting in the death of Mrs. Hailey's deceased husband on behalf of whose estate she sued, was filed, however, on the 56th day after the notice was served. Mrs. Hailey argues that the trial court should not have dismissed on the basis of subsection (a) of the statute because the statute conflicts with Ark. R. Civ. P. 3 and because the statute is unconstitutional.

While we have expressed a willingness to reconsider these arguments, *see Dawson* v. *Gerritsen*, 290 Ark. 499, 720 S.W.2d 714 (1986), we will not do it in this case. Not only does the appellant's abstract not show that the argument about Rule 3 was presented to the trial court, it does not even include the trial court's judgment or order by which she contends the court dismissed her action.

Ordinarily, the judgment or decree appealed from is an essential constituent of the abstract. *Davis* v. *Wingfield*, 297 Ark. 57, 759 S.W.2d 219 (1988); *Jolly* v. *Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987). *Cf. City of Marianna* v. *Municipal League*, 291 Ark. 74, 722 S.W.2d 578 (1987). This case presents no exception to that rule.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent because I am persuaded that the appellant substantially complied with the provisions of Ark. Code Ann. § 16-114-204(a) (1987), which require a 60 day notice before filing a medical malpractice suit. Although the appellant's suit was filed three or four days before the end of this special notice, no prejudice resulted, and no party was injured.

The cause of action had already been extended beyond the

ordinary period of limitations. The appellant filed the action 14 days before the time allowed him had expired. In the absence of even an allegation of prejudice, I would hold that the appellant substantially complied with the notice provisions and should be allowed to proceed to trial.