Rebecca Mayfield MILLS as Trustee Under the Last Will and Testament of E.P. Rainey, Deceased; and Rebecca Mayfield Mills and E.C. Rainey *v.* Elizabeth HOLLAND, J.L. Rainey, Juanita Stark, Joy Carrier Phillips, Molly Suzanne Matthews, Molly Rainey, Deborah Mills Hodges, Angela Huchingson, Rebecca Grace Wood, Lyne Stark Bassett, William P. Rainey, Scott Rainey Mills, Kathy Kibe, and Emily Cockrill

91-222                    820 S.W.2d 63

Supreme Court of Arkansas
Opinion delivered December 16, 1991
[Rehearing denied January 13, 1992.*]

*Donald A. Forrest*, for appellants.

*Hale, Fogleman & Rogers*, by: *Joe M. Rogers*, for appellees.

*William P. Rainey*, pro se and for Emily Cockrill.

DONALD L. CORBIN, Justice. E.P. Rainey died August 9, 1970. His will has previously been the subject of an appeal in this court. *Holland* v. *Rainey*, No. 77-306. This particular appeal involves two testamentary trusts. In his will, E.P. Rainey conveyed various tracts of land in Arkansas and Mississippi to two of his sons as trustees. The income from the trusts is for the benefit of

---

*Brown, J., would grant rehearing.

his seven children and the corpus is to be distributed per stirpes to his children's heirs. Appellants seek reversal of a judgment declaring their duties and powers with respect to the allocation of expenses between income and corpus. We are unable to reach the merits of this appeal because appellants have failed to abstract a necessary part of the record. Ark. Sup. Ct. R. 9(d). We therefore affirm. *Peterson Indus., Inc.* v. *Farmer*, 288 Ark. 298, 705 S.W.2d 8 (1986).

Appellants contend E.P. Rainey's will contains ambiguous provisions with respect to their powers as trustees. "It is impossible for us to consider the appellants' contentions, because counsel have not provided us with either an exact quotation of the instrument in question or with an abstract of it. We have no idea how it reads." *Zini* v. *Perciful*, 289 Ark. 343, 344, 711 S.W.2d 477, 478 (1986).

■■ The will is a written instrument which could have been abstracted in words. As is the case when deeds, contracts, or other instruments are being interpreted, the better practice would have been for counsel to have copied the will verbatim in the abstract. *Id.* Instead, in the argument portion of their brief, appellants quote selected portions of the will and then discuss those parts of the will they consider to be controlling. "Such a discussion does not comply with Rule 9(d), which requires an impartial abstract of such material matters in the record as are necessary to an understanding of the questions presented." *Napier* v. *Northrum*, 264 Ark. 406, 411, 572 S.W.2d 153, 156 (1978). Without such an abstract of the will we cannot say what appellants' powers are. In effect, appellants ask all seven members of this court to examine the entire will which is attached to the single transcript as an exhibit. "[F]or a hundred years we have pointed out, repeatedly, that there being only one transcript it is impractical for all members of the court to examine it, and we will not do so." *Zini*, 289 Ark. at 344, 711 S.W.2d at 478. Further, even though our review of this case is *de novo*, our review is on the record as abstracted, not upon the transcript. *Id.*

Affirmed.