Shirley Joan GOULD *v.* Larry Devon GOULD

91-236                                                   823 S.W.2d 890

Supreme Court of Arkansas
Opinion delivered February 3, 1992

*Gregg, Hart, Farris & Rutledge*, by: *John C. Gregg*, for appellant.

*Pearson, Evans & Chadwick*, by: *Marshall Dale Evans*, for appellee.

DAVID NEWBERN, Justice. Shirley Joan Gould, the appellant, and Larry Devon Gould, the appellee, were formerly husband and wife. They were divorced on November 7, 1983, and custody of their four minor children was placed with Shirley Gould. In 1988, petitions for change of custody, collection of past due child support, and contempt were filed by both parties. Hearings were held over an 18-month period, and on January 22, 1990, the Chancellor issued an order which denied Larry Gould's petition for a change of custody, fixed visitation, and awarded Shirley Gould a judgment for past due child support. He also awarded a judgment to Shirley Gould for an attorney's fee in the sum of $32,859.29.

Larry Gould, appealed but filed no supersedeas bond. During the pendency of the appeal Shirley Gould sought to enforce the judgment for the attorney's fee by a petition for a contempt citation. The Court of Appeals substantially modified the order which forms the basis for this appeal, but the change is not material to this decision. The Chancellor dismissed the contempt petition, holding that, as the award of fees had been reduced to judgment, he was without power to hold Larry Gould in contempt for failure to pay.

Shirley Gould contends the Chancellor erred in holding he lacked power to enforce the attorney's fee award by a contempt citation. She is correct. The holding was erroneous albeit precipitated by an opinion written by this Court.

The Chancellor ruled that *Nooner* v. *Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1983), prohibited using the contempt power to enforce the attorney's fee judgment. The Nooner marriage was dissolved by a divorce decree which incorporated an agreement stating obligations of the former husband. He failed to meet his support obligation. A hearing was held on contempt requests with requests for modification of the decree. The former husband was held in contempt for failing to pay, and child support arrearages were reduced to a judgment. A payment schedule was established to address both current support and the arrearages judgment. Nooner was sentenced to jail for 30 days for contempt. The sentence was to be suspended upon payment of $5000 to apply on the judgment and payment of an additional $100 per week toward the arrears as well as the $100 per week child support.

We affirmed in part but held the Chancellor was without authority to enforce payment of the arrears in that fashion. We wrote:

> However, once the Chancellor reduced the arrearages for child support to judgment, he lost control and could not use the judgment in any way to control past or future acts of the appellant, and that is exactly what he did. Nooner was sentenced to thirty (30) days in jail for contempt. The Chancellor then offered to suspend the sentence if Nooner would pay $5000 toward the judgment. The judge did not have the authority to suspend the contempt sentence. *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W.2d 605

(1967). After Nooner stated he could not pay the $5000 and would lose his job if he were not released from jail, the Chancellor said he would release Nooner for the balance of his sentence if he would pay additional money toward the satisfaction of the judgment he had entered for back child support.

The appellant in an amended order was required to pay $150 per week to stay out of jail under a threat of some type of continuing contempt. The Court had no authority to use this judgment to encourage this agreement from Nooner. The Court had given Ruth Nooner a remedy for arrearage and that was a judgment for which execution may issue.

The order to reduce the arrearage under such circumstances cannot be enforced by contempt proceedings. We hold that Nooner does not have to serve the balance of his jail sentence because it was improperly suspended and the order to reduce the judgment is unenforceable by contempt proceedings.

The Chancellor in the case now before us relied on that language to conclude he was without power to enforce the order with the power of contempt. Shirley Gould argues the *Nooner* holding is distinguishable and that our statutory scheme was changed after the *Nooner* decision to give a chancellor contempt power to enforce judgments in domestic cases.

We agree the *Nooner* case can be distinguished in part. One problem was that the Chancellor erroneously suspended a contempt citation. But we gave an additional reason for reversal of the citation, *i.e.*, that the contempt power cannot be used to enforce an award which has been reduced to a judgment. If the Chancellor had not attempted to suspend the contempt citation, the opinion indicates we would have reached the same result because of the latter reason.

It may well be that the General Assembly intended to supersede the *Nooner* decision by enactment of § 2 of Act 383 of 1989, Ark. Code Ann. § 9-14-234(c) (1987), entitled by the codifier, "Arrearages — Finality of judgment," which provides:

Nothing in this section shall be construed to limit the

jurisdiction of the court to proceed to enforce a decree, judgment, or order for the support of a minor child or children through contempt proceedings when the arrearage is reduced to judgment under subsection (a) of this section.

Although the language used does not directly confer jurisdiction to enforce money judgments with the contempt power in support cases, the implication is there because there seems to be an assumption that the court has the "jurisdiction . . . to enforce a . . . judgment . . . for . . . support . . . through contempt proceedings . . . ."

Even if the General Assembly did not directly supersede the *Nooner* decision, we overrule it and will state our reasons below.

In support of her statutory argument that attorney's fee arrearages reduced to judgment may be enforced by contempt, Shirley Gould cites another subsection of § 2 of Act 383 of 1989, Ark. Code Ann. § 9-14-233(c) (1987), which provides:

Arrearages — Interest and attorneys' fees.

\* \* \*

(c) Collection of interest and attorneys' fees may be by executions, proceedings of contempt or other remedies as may be available to collect the original support award.

The Chancellor interpreted the language of the Statute as follows:

That language would indicate that the Court could use any of the listed remedies. The language is: 'or:['] and not 'and'. It is not clear to the Court that this statute shows intention to overrule the Supreme Court's holding in *Nooner*. It appears, rather, to say that the listed remedies are available to the Court. It does not say that they are cumulative or that they can be used in succession to enforce the other.

The language explicitly empowers the court to enforce awards of attorney's fees by execution or contempt. A reasonable interpretation is that it authorizes collections of attorney's fees after judgments. The "executions" referred to obviously follow

judgments. In this context, so do "proceedings of contempt."

In *Holley* v. *Holley*, 264 Ark. 35, 568 S.W.2d 487 (1978), which we did not cite in the *Nooner* opinion, the Chancellor reduced arrearages in child support to judgment against the former husband. She then found him in contempt for having failed to make the child support payments and stated he could exonerate himself by paying $1,000 on the judgment for arrearages and $150 attorney's fee. We affirmed that aspect of the decree but reversed the part requiring further payments on the judgment because the payment amounts set were too low and amounted to a refusal to execute the judgment.

Our decision in the *Nooner* case is at least implicitly inconsistent with the General Assembly's intent expressed in the Statutes enacted after the decision. It is clearly inconsistent with the earlier *Holley* case. We have searched the law of other jurisdictions, and we find no support for the conclusion, stated in the *Nooner* case without citation of authority, that support arrearages reduced to judgment cannot be enforced the same as delinquent payments pursuant to other court orders. We dispel any remaining doubt about the viability of the *Nooner* holding on the issue of the power to enforce a child support arrearages judgment by the contempt power and declare it overruled in that respect. In view of our interpretation of § 9-14-233(c), we hold that failure to pay an attorney's fee reduced to judgment in a divorce case may also be the subject of a contempt citation.

No doubt a chancellor can enforce an order to compel conduct, even if it is an order to pay money, by the contempt power. We reached that conclusion with respect to alimony awards as early as *Ex Parte Hall*, 125 Ark. 309, 188 S.W. 827 (1916), but have found it limited to cases where it is assured that the contempt power is not used unless the contemnor has the ability to pay. Ark. Const. art. 2, § 16; *Godwin* v. *Godwin*, 286 Ark. 364, 596 S.W.2d 695 (1980). See also *Leonard* v. *State*, 170 Ark. 41, 278 S.W. 654 (1926), and *Harrison* v. *Harrison*, 239 Ark. 760, 394 S.W.2d 622 (1965), pointing out that a party may be ordered to pay money found to be in the possession or control of a party, and the order may be enforced by the contempt power.

At the outset of the contempt hearing in this case, the Chancellor was asked by counsel for Shirley Gould to rule as a

matter of law that Larry Gould had been previously determined able to pay the attorney's fee judgment. The Chancellor declined. Although evidence relevant to the ability to pay was taken during the hearing, in the form of Larry Gould's testimony on direct and cross examination, the Chancellor did not rule on his ability or lack of ability to pay. We remand to give the Chancellor an opportunity to consider the contempt issue within the limitation of Ark. Const. art. 2, § 16.

Reversed and remanded.

CORBIN, J., dissents.