· Larry S. BURNS *v.* Linda Ruth BURNS

92-65 · 832 S.W.2d 251

Supreme Court of Arkansas
Opinion delivered June 15, 1992

*David W. Talley, Jr.*, for appellant.

*Ronald L. Griggs*, for appellee.

STEELE HAYS, Justice. In March of 1991 Linda Burns (appellee) obtained a judgment of $9,256 against her former husband, Larry Burns (appellant), for an arrearage in child support. When nothing was paid an order entitled "Order Directing Appearance With Body Attachment" was filed on July 24, 1991, directing Burns to appear on August 14 to answer for contempt. The order provided for bail conditioned on the deposit of $5,000. Evidently that amount was deposited simultaneously with the execution of the order and Burns was released. On August 16 an order was filed directing the sheriff to pay the $5,000 to Mrs. Burns.

On August 28 Mr. Burns moved to strike the order Directing Appearance With Body Attachment and for restoration of the $5,000. A hearing was held on that same date, though no testimony was taken. On October 4 the chancellor denied the motion to strike and notice of appeal was filed on October 23.

Four errors are alleged: The court erred in issuing the order Directing Appearance With Body Attachment; the court erred in releasing the $5,000; the court erred in holding *Nooner* v. *Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1983), superseded by Ark. Code Ann. § 9-14-234 (1987); the court erred in not striking the order pursuant to *Nooner* v. *Nooner, supra.*[1]

---

[1] Neither side cites *Gould* v. *Gould*, 308 Ark. 213, 823 S.W.2d 890 (1992).

■ We do not reach the asserted errors for lack of a timely appeal. The Rules of Appellate Procedure make no provision for appeal from the granting or denial of a motion to strike an order. There is provision for appeal from an order striking an answer or pleading, Rule 2, but as to an order, if the entry or content is erroneous, the appeal is from the order itself.

■ In effect, appellant seeks review by appeal from two developments in the trial court— the Order Directing Appearance With Body Attachment, rendered moot upon his release or appearance, and the delivery to appellee of the $5,000 deposit. The first order was filed on July 24, 1991. No appeal was taken from that order, nor was appellant's motion to strike filed within ninety days as provided in Ark. R. Civ. P. 60. The second order, directing payment to appellee, was filed on August 16, 1991. No appeal was taken from that order. The motion to strike, while filed within thirty days of the second order, makes no reference to it. On appeal, appellant characterizes the second order as "ex parte," but the record is otherwise silent on that score and we will not presume an order proper on its face was entered improperly. *Blissard Management & Realty* v. *Kremer*, 284 Ark. 136, 680 S.W.2d 694 (1984); *Hazen* v. *City of Booneville*, 260 Ark. 871, 545 S.W.2d 614 (1977).

Appeal dismissed.