Yvonne CLARDY *v.* C. H. WILLIAMS

94-612                                              890 S.W.2d 276

Supreme Court of Arkansas
Opinion delivered January 17, 1995
[Rehearing denied February 27, 1995.*]

*The Roberts Law Firm*, by: *Robert L. Thacker*, for appellant.

*Helen Rice Grinder*, for appellee.

TOM GLAZE, Justice. This case involves the construction of Willard L. Dobrinski's last will and testament which contained a specific bequest to appellee C. H. Williams of all amounts and income therefrom which Dobrinski received from his late wife. Under the will, all remaining money and property were bequeathed and devised to appellant Yvonne Clardy, Dobrinski's daughter. It is uncontested that, on April 24, 1989, Dobrinski's wife's estate left Dobrinski $21,151.47, which was transferred to his guardianship account.

*Appellee's request for attorney's fees and costs was denied.

Dobrinski had been declared physically incapacitated in 1978, and Clardy had been appointed as guardian of Dobrinski's person and estate. However, Clardy was later removed, and in June of 1989, Williams was appointed as guardian of Dobrinski's person and ultimately Worthen Bank & Trust of Conway was appointed guardian of the estate. Dobrinski died on May 15, 1992, and his will was admitted to probate.

As executor of Dobrinski's will, Williams submitted a first and final accounting to close administration of the estate, and among other things, the accounting proposed distribution of $21,151.47 to Williams, as directed by Dobrinski's will. Clardy objected, seeking all monies be distributed to her because the funds previously received by Dobrinski from his wife's estate had been adeemed because they had been commingled with his other assets. After conducting a hearing and having the parties submit briefs, the probate court denied Clardy's objection, and on November 10, 1993, entered an order approving the proposed accounting. Clardy appeals from that order.

It is impossible to reach the merits of this case because the abstract is insufficient. The probate judge's November 10 order reflects he held a hearing concerning the bequest in issue here because he had concluded Dobrinski's will was ambiguous. Apparently, the hearing was held and oral testimony was admitted to show the meaning of the words used in Dobrinski's will, and to interpret the will so as to determine Dobrinski's meaning in the use of the words employed regarding his intended distribution of his estate. Based upon the evidence taken at that hearing, the probate judge made his findings used to approve Williams's proposed accounting.

We have searched the record, and cannot find a transcript or abstract of the aforementioned lower court's hearing.[1] Even though we review appeals from probate court de novo, our review is upon the record as abstracted. *Zini* v. *Perciful*, 289 Ark. 343, 711 S.W.2d 477 (1986). Here, Clardy has failed to abstract any of the hearing supporting the probate order appealed. Under

---

[1]Letter briefs containing references to testimony elicited at the hearing were located in the transcript, but those briefs are not mentioned in the abstract either. We do not suggest such briefs would be a substitute for an abstract of the proceedings below, but mention the fact only to reveal such briefs are the only reference to testimony taken at the hearing.

Ark. Sup. Ct. R. 4-2, we will affirm the trial court where the appellant has failed to abstract those matters in the record necessary to an understanding of all questions presented on appeal.

Accordingly, we affirm.