CHRYSLER CREDIT CORPORATION
*v.* Patricia SCANLON, Scott Scanlon, and Steven Blankinchip
d/b/a/ Mobilinix of Fort Smith

93-1369                                                      894 S.W.2d 885

Supreme Court of Arkansas
Opinion delivered March 13, 1995

*Faber D. Jenkins*, for appellant.

No response.

DONALD L. CORBIN, Justice. This appeal involves competing claims to an automobile owned by appellees, Patricia Scanlon and Scott Scanlon ("the Scanlons"), presented by appellant, Chrysler Credit Corporation, as assignee of the automobile vendor's installment sale agreement, and appellee, Stephen Blankinchip d/b/a Mobilinix of Fort Smith ("Blankinchip"), the owner of a towing and storage business, as holder of a statutory lien for his towing and storage fee incurred with respect to the automobile. Appellant appeals the Sebastian County Circuit Court's order filed September 21, 1993 holding Blankinchip has the superior claim and is entitled to recover certain towing and storage costs from appellant before surrendering the automobile (or the proceeds of its sale) to appellant. The Arkansas Court of Appeals certified this appeal to this court because it presents an issue of

statutory construction involving an issue of significant public interest. Our jurisdiction, therefore, is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(3) and 1-2(d). Because of a flagrantly deficient abstract, we affirm the trial court's order, without considering the merits of the appeal. Ark. Sup. Ct. R. 4-2(b)(2).

In April 1993, the Scanlons purchased the automobile pursuant to a retail installment sale agreement which was assigned by the seller, a local automobile dealer, to appellant. On August 18, 1993, appellant filed a complaint in the Sebastian County Circuit Court designating the Scanlons and Blankinchip as defendants. In its complaint, appellant alleged that, pursuant to the retail installment sale agreement, the Scanlons were in default of payment and, therefore, the secured debt was accelerated and appellant was entitled to possession of the automobile. Appellant alleged that its lien had been perfected by filing "a direct lien" and that any claim of Blankinchip was inferior to that of appellant, and attached a notice of filing replevin complaint.

Blankinchip filed an answer and objection to the issuance of the writ of replevin without a hearing. Blankinchip alleged that he held a possessory first lien upon the automobile for towing, storage and processing, pursuant to Ark. Code Ann. § 18-45-201 (1987) and Ark. Code Ann. §§ 27-50-1201 et seq. (1987 & Supp. 1989). Blankinchip alleged that he had towed and stored the automobile at the direction of the Fort Smith Police Department, that the automobile had been subject to a "police hold" from May 19, 1993 to July 2, 1993, and that he was entitled to the sum of $1,009.75 plus an additional per diem storage fee of $10.00 after August 20, 1993. Blankinchip alleged that he had corresponded with appellant in July 1993 regarding their dispute as to the amount of and liability for payment of his fees, and that, on August 4, 1993, he had mailed a certified letter to appellant.

On September 2, 1993, an evidentiary hearing was held. Testimony, which is abstracted, was presented by Blankinchip and by an employee of appellant's customer service department. Also abstracted is the trial judge's statement that he thought, because of the police action, that Blankinchip was not required to give any notice prior to the release of the police hold, and that Blankinchip was entitled to a $45.00 towing fee and a separate storage fee of $550.00 representing the 45-day period from May 19, 1993 to July 2, 1993, plus ten days thereafter, at $10.00 per day.

On September 21, 1993, the trial court filed the order here appealed. The trial court found that appellant had filed its lien with the Arkansas Department of Finance and Administration, that Blankinchip had towed and stored the automobile, that Blankinchip's regular fee was $45.00 for towing and $10.00 per diem for storage, that a police hold on the automobile was released on July 2, 1993, that appellant had offered to pay Blankinchip a towing and storage fee of $150.00 by letter dated July 16, 1993, and that, on August 4, 1993, Blankinchip had mailed a letter to appellant notifying it of Blankinchip's lien and its amount. The trial court held that Blankinchip had a first lien and that appellant was entitled to possession of the automobile upon paying the sum of $595.00 to Blankinchip.

No responsive pleading or appearance by the Scanlons at the trial court level is abstracted. No defendant filed a brief in this appeal.

In its brief, appellant presents two arguments for reversal. First, appellant argues the trial court erred in finding that no notice was required to be given by Blankinchip prior to release of the police hold. Appellant argues Blankinchip was required to give notice to appellant, a holder of a lien on the automobile, within ten days of the date Blankinchip obtained possession of the car, or be limited to a lien for ten days' storage fee only. Appellant bases its argument on the laws governing a lien for towing and storage fees for abandoned or unattended automobiles set forth in section 27-50-1201 *et seq.* and, by incorporation, Ark. Code Ann. §§ 27-50-1101 and -1102 (Repl. 1994). Appellant argues that no notice was given to it by Blankinchip prior to the August 4, 1993 letter, and, therefore, the ten-day notification requirement was not met. Second, appellant argues that, pursuant to Ark. Code Ann. § 18-45-202(b) (1987), an automobile storageman's statutory lien for his storage fees is subject to the lien of a vendor of the automobile for the balance of purchase money due thereon.

It is impossible to reach the merits of this case because the abstract is flagrantly deficient. Appellant failed to abstract any exhibit to its complaint, most importantly, the retail sale agreement and its assignment to appellant. This document is the foundation for appellant's contractual claims and its standing to sue.

Appellant failed to abstract any document or testimony from the State of Arkansas, Department of Finance and Administration, evidencing appellant's perfection of its security interest in or the state of title to the automobile. Appellant failed to abstract its notice of filing a replevin complaint, identifying the property to be replevied. Appellant failed to abstract any exhibit to Blankinchip's answer, most importantly, his August 1993 notification letter. Appellant failed to abstract any argument made by it or by Blankinchip to the trial court at the evidentiary hearing regarding the legal basis or lien statutes relied upon in support of their respective claims. Appellant failed to abstract any document or testimony from the Fort Smith Police Department regarding the terms of the vehicle's seizure.

Our review of this appeal is upon the record as abstracted. Appellant is required to abstract such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision. Ark. Sup. Ct. R. 4-2(a)(6). In this case, we find the abstract to be flagrantly deficient in this respect and, pursuant to Ark. Sup. Ct. R. 4-2(b)(2), we affirm the trial court's judgment for noncompliance with the rule. *Sturch* v. *Sturch*, 316 Ark. 53, 870 S.W.2d 720 (1994); *Davis* v. *Peebles*, 313 Ark. 654, 857 S.W.2d 825 (1994); *Samples* v. *Samples*, 306 Ark. 184, 810 S.W.2d 951 (1991).

Affirmed.

BROWN and ROAF, JJ., dissent.

ANDREE L. ROAF, Justice, dissenting. I do not agree with the majority that the appellant's abstract is so deficient as to require affirmance on that basis. The items which the majority has identified as missing from the abstract are irrelevant to the understanding and resolution of the issue presented by the appeal. We have consistently held that the abstract should have only what is necessary for us to decide the issues presented. *Montgomery* v. *Butler*, 309 Ark.491, 834 S.W.2d 148(1992).

We have also held that when a necessary item is not in the abstract, we can get the information from other portions of the abstract, such as motions by the parties, *Integon Indem. Corp.* v. *Bull*, 311 Ark.61, 842 S.W.2d 1(1992), and letter opinions of the

judges, *Ransopher* v. *Chapman*, 302 Ark.480, 791 S.W.2d 686(1990).

The validity of appellant's lien was not at issue or even disputed in the proceedings below. The issue was the priority as between two competing liens and is one of statutory interpretation. All that this court needs to know concerning these liens and the "hold" put on the vehicle by the police, can be found in appellant's abstract.

I would reach the merits of the case.

BROWN, J., joins.