In the Matter of the ESTATE of
Carlie O. BRUMLEY

95-972                                         914 S.W.2d 735

Supreme Court of Arkansas
Opinion delivered February 12, 1996

*Carol Gillespie*, for appellant.

*Robert T. Gladwin*, for appellee.

ANDREE LAYTON ROAF, Justice. This case involves the construction of the will of Carlie O. Brumley. The probate judge concluded that pursuant to the will of the decedent, the decedent's estate passed to his surviving children in equal shares, share and share alike. In addition, the probate judge found that the decedent's daughter, Norma Hudson, predeceased the decedent and her interest in the decedent's estate did not vest. On appeal, appellant John A. Hudson submits that the probate judge (1) erred in finding that the interest of the decedent's daughter, Norma Hudson, did not vest in her children upon her death and (2) erred in finding that the decedent's estate passed only to his surviving children. We affirm.

Carlie O. Brumley died on October 3, 1994. His wife predeceased him, but he was survived by five children: Margaret Daniel, Wanetta Towler, Leland Brumley, Wayne Brumley, and James Brumley. In addition, one of the decedent's children, Norma Hudson, predeceased him; she was survived by four chil-

dren: John A. Hudson, Tommy D. Hudson, Sheila C. Conner, and Rebecca J. Drain.

On January 25, 1995, appellant John A. Hudson filed a petition to determine heirship. On March 17, 1995, the probate judge entered an order finding that the decedent left as his last will a written instrument dated January 31, 1989. The probate judge further ruled that the instrument should be admitted to probate as the last will and testament of Carlie O. Brumley, deceased.

In an order entered May 19, 1995, the probate judge concluded that "pursuant to the will of the decedent, the decedent's estate passed to his surviving children, Margaret Daniel, Wanetta Towler, Leland Brumley, Wayne Brumley, and James Brumley, in equal shares, share and share alike." In addition, the probate judge found that the decedent's daughter, Norma Hudson, predeceased the decedent and her interest in the decedent's estate did not vest. Appellant John Hudson appeals from that order.

Although this case involves the construction of a will, the appellant's abstract does not include the will. The appellant's abstract merely consists of statements such as, "[a]ppellant filed a petition to determine the heirs to the estate of the decedent," "[a]ppellant filed a brief to support his position on the petition to determine the heirs of the decedent's estate in order to aid the court," and "[t]he Court entered an Order finding that the decedent's deceased child's interest in the estate did not vest because she predeceased the decedent and authorizing the sale of the real property at a private sale." The appellee did not file a supplemental abstract.

It is fundamental that the record on appeal is confined to that which is abstracted. *Mahan* v. *Hall*, 320 Ark. 473, 897 S.W.2d 571 (1995). Appellant is required to abstract such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this Court for decision. Ark. Sup. Ct. R. 4-2(a)(6); *Chrysler Credit Corp.* v. *Scanlon*, 319 Ark. 758, 894 S.W.2d 885 (1995). Under Ark. Sup. Ct. Rule 4-2(b)(2) a judgment may be affirmed for noncompliance with Rule 4-2(a)(6). *See Clardy* v. *Williams*, 319 Ark. 275, 890

S.W.2d 276 (1995); *Jones* v. *McCool*, 318 Ark. 688, 886 S.W.2d 633 (1994). The failure to abstract a critical document precludes this Court from considering issues concerning it. *Jones, supra.*

In the argument sections of their briefs both the appellant and the appellee supply the provision of the will which is allegedly in question; however, the record on appeal is confined to the abstract and can not be contradicted or supplemented by statements made in the argument portions of the briefs. *Wynn* v. *State*, 316 Ark. 414, 871 S.W.2d 593 (1994). Further, the will which must be construed is never supplied in its entirety. It is a practical impossibility for seven justices to examine the single transcript filed with this Court, and we will not do so. *J.B. Hunt Transport, Inc.* v. *Doss*, 320 Ark. 660, 899 S.W.2d 464 (1995).

In *Mills* v. *Holland*, 307 Ark. 418, 820 S.W.2d 63 (1991), we affirmed a comparable case for failure to adequately abstract a will. We commented that the will was a written instrument which could have been abstracted in words. *Id.* We noted that, rather than copying the will verbatim in the abstract, "in the argument portion of their brief, appellants quote selected portions of the will and then discuss those parts of the will they consider to be controlling." We concluded that such a discussion did not comply with Ark. Sup. Ct. R. 9(d), the predecessor of our current Rule 4-2. *Id.*

Affirmed.