## PULASKI COUNTY CHILD SUPPORT ENFORCEMENT UNIT *v.* Orville S. NOREM, Jr.

97-132                                           944 S.W.2d 846

Supreme Court of Arkansas
Opinion delivered May 19, 1997
[Petition for rehearing denied June 9, 1997.]

*Diane Sexton,* for appellant.

No response.

TOM GLAZE, Justice. The appellant Pulaski County Child Support Enforcement Unit brings this appeal requesting us to interpret the Uniform Interstate Family Support Act (UIFSA) and to enforce a North Dakota trial court's judgment which increased appellee Orville S. Norem, Jr.'s child-support payment. In particular, appellant claims the Arkansas chancery judge exceeded his authority under Ark. Code Ann. § 9-17-607(b) (Repl. 1993) by issuing an order which effectively stayed a North Dakota child-support order and improperly established child support in an amount different from that set out in the North Dakota court's judgment. In arguing the North Dakota court's child-support order should be enforced as registered in this state, appellant also

urges on appeal that the Arkansas chancellor was required to recognize the North Dakota court's authority to impute "housespouse income" against Norem based upon his former occupation as a truck driver, since Norem claims he is unemployed.

█ Unfortunately, appellant presents us with a two-page abstract that fails to reflect, as it must, that the legal arguments now made on appeal were ever argued to or ruled on by the chancellor. *See Dolphin v. Wilson*, 328 Ark. 1, 939 S.W.2d 863 (1997). In fact, the chancellor's order with findings also has not been abstracted, so that the members of this court might determine exactly how the chancellor decided this case.[1] This court has frequently noted that the basic pleadings and the judgment or decree appealed from are ordinarily essential constituents of the abstract. *Davis v. Wingfield*, 297 Ark. 57, 759 S.W.2d 219 (1988). In addition, this court has stated that all relevant orders entered by the trial judge are to be abstracted. *Id*.

█ Because appellant failed to abstract the trial court's order appealed from or show that it presented its legal arguments below, we affirm.

---

[1] The record reflects only appellant's request that it wanted the trial court's ruling "on the amount of support Mr. Norem is to pay," and reveals no objection that the chancellor's order effectively stayed the North Dakota judgment or the chancellor's decision violated § 9-17-607(b).