GET RID OF IT, INC. *v.* CITY OF SMACKOVER, et al.

CA 96-1519 952 S.W.2d 192

Court of Appeals of Arkansas
Division IV
Opinion delivered October 15, 1997

*John D. Lightfoot, P.L.L.C.*, by: *John D. Lightfoot*, for appellant.

*Jeffrey C. Rogers*, for appellee.

*Tom Wynne*, Prosecuting Atty., by: *Caren Harp*, Chief Deputy Prosecuting Atty for appellee.

JUDITH ROGERS, Judge. Appellant, Get Rid of It, Inc., brings this appeal from an adverse decision on its request for declaratory judgment. For reversal, appellant contends that the chancellor erred in ruling that the Arkansas Privatization Act did not apply to the transaction for services between appellees, Union County and the City of Smackover, and their solid waste contractor. Appellant further contends that the chancellor erred in failing to declare County Ordinance #422 void as it pertains to the imposition of a penalty on delinquent solid waste accounts in excess of the maximum permitted under Arkansas law. We affirm because appellant's abstract is flagrantly deficient.

On March 27, 1995, and July 21, 1996, Union County and the City of Smackover, respectively, entered into separate contracts with Solid Waste Management of Arkansas, Inc. for the collection and disposal of solid waste within their jurisdictions. The City of Smackover filed this suit to enjoin appellant from collecting solid waste within its jurisdiction in violation of the exclusive contract with Solid Waste Management. Appellant answered the

complaint and filed a counterclaim joining Union County, its county judge, and quorum court members as parties to the suit. In its counterclaim, appellant urged the chancellor to declare that the contracts entered into by Union County and the City of Smackover with Solid Waste Management were invalid because of their failure to comply with the Arkansas Privatization Act found at Ark. Code Ann. §§ 8-5-601-612 (Repl. 1993) and to declare that County Ordinance #422 was void because the late fee charged on delinquent accounts exceeded the maximum penalty allowed under Arkansas law.

In its two issues on appeal, appellant claims error in the chancellor's rulings with regard to the Privatization Act and County Ordinance #422. However, the decree from which this appeal arises has not been included in appellant's abstract. Although we are not obliged to do so, we have examined the record only to find that the chancellor's decision was communicated to the parties in a thirteen-page letter opinion which was incorporated into the final decree. We also discovered that the case was submitted to the court based on detailed stipulations and briefs submitted by the parties; however, only a few of the stipulations have been abstracted, and the briefs submitted by the appellees have been omitted entirely from appellant's abstract. As a consequence, we do not learn from appellant's abstract the arguments set forth by appellees in support of their actions or all of the pertinent facts relied upon by the chancellor in making his rulings. More importantly, we do not learn the basis for the chancellor's decisions regarding the issues raised on appeal. These omissions leave us with only a one-sided account of what occurred below.

Rule 4-2(a)(6) of the Rules of the Supreme Court and Court of Appeals provides that an appellant's abstract should consist of an *impartial* condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the court for decision. Further, Rule 4-2(b)(2) provides that we may affirm the judgment or decree for noncompliance with the rule if the abstract presented is flagrantly deficient. The supreme court's reason for the rule is one of practicality in that there is only one transcript to

be spread among seven members of that court. *See McPeek v. White River Lodge Enterprises*, 325 Ark. 68, 924 S.W.2d 456 (1996). However, it is no less burdensome for the judges of this court to pass around the lone transcript. Every case submitted has the potential of being heard by six members of this court if the three-judge panel assigned to the case does not reach a unanimous decision, a situation that occurs on a frequent basis. For us to require compliance with the abstracting rule cannot be considered a trap for the unwary, since some form of the rule has been in existence for over one hundred years. *See Zini v. Perciful*, 289 Ark. 343, 711 S.W.2d 477 (1986).

■ ■ It is fundamental that the record on appeal is confined to that which is abstracted. *In re Estate of Brumley*, 323 Ark. 431, 914 S.W.2d 735 (1996). We do not go to the record to reverse. *Montgomery v. Butler*, 309 Ark. 491, 834 S.W.2d 148 (1992); *Boren v. Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984). It has long been held that the judgment appealed from is a necessary constituent of an abstract. *Winters v. Elders*, 324 Ark. 246, 920 S.W.2d 833 (1996); *Hailey v. Kemp*, 300 Ark. 120, 776 S.W.2d 828 (1989); *Davis v. Wingfield*, 297 Ark. 57, 759 S.W.2d 219 (1988). To decide an appeal, this court must, at an absolute minimum, know what the trial court ruled before it can possibly determine any error. *Edwards v. Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993). Because of the flagrant deficiencies of appellant's abstract, we affirm the chancellor's decree.

Affirmed.

BIRD and ROAF, JJ., agree.