Clarence WHITWORTH *v.* Mary L.
WHITWORTH (Strickland)

97-575                                    961 S.W.2d 768

Supreme Court of Arkansas
Opinion delivered February 19, 1998

*Phil Stratton*, for appellant.

*Boyd Tackett, Jr.*, for appellee.

TOM GLAZE, Justice. Clarence Whitworth brings this appeal from the lower court's February 11, 1997 order, finding him in contempt for failing to pay (1) his former wife's (now Mary L. Strickland) house payments in the amount of $5,436.00, (2) her one-half share of Whitworth's business in the sum of $6,705.00, and (3) her reimbursement of medical insurance premiums in the amount of $1,454.00. The court ordered Whitworth incarcerated until he made the foregoing payments, but held his incarceration in abeyance for 60 days. Whitworth filed a notice of appeal before that 60-day period expired.

For reversal, Whitworth argues the payments found due Strickland were merely debts and not child support, and he claims that, under Article 2, § 16, of the Arkansas Constitution, he can-

not be imprisoned for such debts. Whitworth also asserts that, even if the arrearages in house payments were in lieu of child support, he still should not be incarcerated because there was no evidence that he had the present ability to pay the amounts the trial court ordered paid. In addition, Whitworth argues that the trial court reduced the house and other payments to judgment, and under *Nooner v. Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1973), the trial court lost its power to enforce such judgments by contempt proceedings.[1]

First, we mention that, although Whitworth has abstracted the essential part of the trial court's contempt order from which he appeals, he did not make the parties' 1990 divorce decree a part of the record, much less abstract it, on appeal. Nor did he favor us with a June 17, 1993 order which had previously been entered as a result of an earlier contempt proceeding between him and Strickland. This court has repeatedly held that all relevant orders entered by the trial judge are to be abstracted. *Pulaski County Child Supp. Enforcement v. Norem*, 328 Ark. 546, 944 S.W.2d 846 (1997); *Davis v. Wingfield*, 297 Ark. 57, 759 S.W.2d 219 (1988).

What is troublesome about not having the aforementioned decree and order is Whitworth's claim that he is not subject to contempt for failure to pay the debts owed Strickland because those debts are simply civil debts that are enforceable at law. If, however, the debts ordered paid are ones in the nature of support or maintenance, Strickland could enforce such debt payments by contempt proceedings, assuming Whitworth had the ability to pay but had willfully refused to make such payments. *See Gatlin v. Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (1991); *Barker v. Barker*, 271 Ark. 956, 611 S.W.2d 787 (Ark. App. 1981).

Since we do not have the parties' 1990 divorce decree or its directives before us, we are left only with testimony such as that given by Strickland, asserting Whitworth had been ordered to pay

---

[1] The *Nooner* case has been overruled by *Gould v. Gould*, 308 Ark. 213, 823 S.W.2d 890 (1992), to the extent *Nooner* held the court has no power to enforce a child-support arrearages judgment by contempt proceedings. *See also* Ark. Code Ann. § 9-14-233 (Supp. 1995).

"shelter costs in lieu of child support." However, Whitworth countered Strickland's remarks at the hearing below with his counsel's own comments and arguments. For example, counsel, when discussing the making of house payments, said, "there's a decree, and it's self-evident," and later defense counsel related the house payments were "*not* in lieu of child support." Whitworth's counsel further argued below that Strickland had obtained money judgments against Whitworth and "she should stand in line with other creditors." Strickland's counsel further responded in disagreement with Whitworth by referring to paragraph 3 of the divorce decree, stating Whitworth would be responsible for making house payments until the youngest child reached eighteen years old. The trial court, too, referred purportedly to the divorce decree and subsequent June 1993 order when discussing the value of Whitworth's business and Strickland's ownership interest in it.[2]

In sum, while the trial court and respective parties at the hearing below seemed to have a working knowledge and understanding of the parties' earlier 1990 divorce decree and 1993 order, neither party has abstracted those orders for us to see and consider. In fact, Whitworth's notice of appeal and designation of the record limited the appeal transcript to "All pleadings and orders filed on or after September 12, 1996, and of all proceedings from and after October 29, 1996." As a consequence, we are unable to consider Whitworth's arguments regarding whether his house or other payments under the parties' divorce decree are enforceable as child- support obligations, as opposed to determining if these payments merely evidenced a property decision of the parties' assets. Nor do we consider whether Strickland's action should have been filed in a court of law rather than in equity, since we do not have the pleadings or decree to decide that issue.

Whitworth does make an alternative argument we can discuss, and in that argument, he assumes that, even if the payments in the parties' agreement and decree were in the nature of child support, the evidence presented below failed to show he had the

---

[2] In reading Strickland's testimony and the colloquy between the bench and counsel, it would appear a copy of the parties' divorce decree and the 1993 order were being referenced, but these orders were not made a part of the record.

present ability to pay them. This being so, he asserts the trial court was unable to hold him in civil contempt for failing to make the payments. Whitworth relies in part on *Godwin v. Godwin*, 268 Ark. 364, 596 S.W.2d 695 (1980), where the court stated that imprisonment for disobedience of an order to pay a sum into the court, without finding the party was able to pay the sum, is imprisonment for debt in violation of Article II of the Arkansas Constitution.

While Whitworth's abstract does include his and Strickland's testimony bearing on Whitworth's ability to pay, the trial court never made a finding on the issue, nor was it asked to do so. Instead, the trial court simply ordered Whitworth "incarcerated until such time as he purges himself of paying the aforementioned amounts." Whitworth's own testimony on this question proved problematical on the issue. For instance, Whitworth said that he could make no payments because he earned only $320.00 (and netted $120.00) per week while working for a construction company owned by T. L. Fortenberry. Whitworth then said he had "sold" his own company's backhoe for $9,000.00, and those proceeds went entirely to pay an IRS obligation. Later, however, he indicated that he had "borrowed" $9,000.00 to $15,000.00 from Fortenberry, and subsequently gave Fortenberry the backhoe because Whitworth could not pay off the loan. In any event, none of the monies Whitworth obtained, whether the amount was $9,000.00 or $15,000.00, went to pay any portion of the obligation that he owed Strickland under their decree.

Because credibility and demeanor are important factors in deciding this case, we remand, instructing the trial court to make its finding and ruling on Whitworth's ability or lack of ability to pay in this matter. *See Gould v. Gould*, 308 Ark. 213, 823 S.W.2d 890 (1992). In remanding, the trial court may take additional evidence on the ability-to-pay issue, but the parties shall not be permitted to raise again those issues raised but not consummated in this appeal or introduce issues that could have been raised and litigated in this case.