Lonnie HULL *v*. The Honorable Richard E. GARDNER, Jr.; State of Arkansas, Office of Child Support Enforcement

98–844                    974 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered September 17, 1998

*Young & Finley*, by: *Dale W. Finley*, for petitioner.

*Kennedy, Phillips & Douthit*, by: *John C. Riedel*, for respondent Richard E. Gardner, Jr.

PER CURIAM.  Petitioner Lonnie Hull petitions this court for a writ of certiorari and writ of mandamus to respondent Chancery Judge Richard E. Gardner, Jr., directing the judge to hold a hearing on Hull's ability to pay past-due child support or, alternatively, for a writ of certiorari excusing Hull from payment of the child support.

Based on the scant record and pleadings which this court has before it, it appears that on March 4, 1998, Hull approved an Agreed Order on Contempt when he was committed to the Pope County Detention Center, with the commitment suspended on

the condition that Hull pay $1,064 on or before March 19, 1998. Hull failed to make that payment, and on July 2, 1998, he was incarcerated for contempt. It appears from what we have before us that he has been continually jailed since that time.

Hull now argues to this court that the "undisputed testimony in the record demonstrates" that he has no ability to pay the child support and that the chancery judge has not examined the existing record to determine his ability to pay. Respondent State of Arkansas, Office of Child Support Enforcement responds that Hull has presented no evidence of his inability to pay and further emphasizes that the jailing is due to his failure to comply with the Agreed Order.

We cannot determine from the record before us whether the chancery judge considered Hull's ability to pay prior to his incarceration for contempt. Nor can we tell whether the judge was asked by Hull to make such a determination. Our caselaw is clear that incarceration for contempt for failing to pay child support is not used unless the contemnor has the ability to pay. *Gould v. Gould*, 308 Ark. 213, 823 S.W.2d 890 (1992).

We remand this matter to the trial court and direct that the issue of Hull's ability to pay be determined in a hearing forthwith. *See Whitworth v. Whitworth*, 331 Ark. 461, 961 S.W.2d 768 (1998). In the event that this issue has been previously considered and determined by the chancery judge, we direct that that determination be made part of the record.